## TENNEY *v.* SLY.

Decided January 3, 1890.

*Mechanic's lien—Buildings on contiguous lots—Entire contract.*

Where material is furnished, under an entire contract, for the erection of several buildings, owned by the same person and situated upon contiguous lots, though part of them are separated from the remainder by a street, a lien attaches upon the entire property for the whole value of the material furnished, as against all who, with notice of the lien, subsequently acquired interests in the several lots.

APPEAL from *Sebastian* Circuit Court, in Chancery, Fort Smith District.

JOHN S. LITTLE, Judge.

Tenney, Martin & Anderson, lumbermen, agreed to furnish L. H. Sly material to build several houses upon contiguous lots. Under this agreement they at different times supplied him with material for the construction of seven houses. Within ninety days from the time the last of the material was furnished, they filed with the clerk their account in gross for all of the material. They kept no account of the material used in the construction of the houses separately. Between the time when the first material was furnished and their account was filed, Sly mortgaged several of the houses to various parties. Suit was brought against Sly and the intervening mortgagees to enforce a mechanics" lien on all of the buildings for the entire material furnished, under the provisions of Mansfield's Digest, section 4402, *et seq.* The court declared plaintiff's lien subject to the lien of the intervening mortgages. From this decree plaintiffs. appealed.

*Winchester & Bryant* for appellants.

The lien is not created by contract with the owner, but by the use of the materials. 30 Ark., 25 ; Mansf. Dig., secs. 4402–8–9. Other States having statutes similar to our own have sustained liens upon facts similar to this case. Jones. on Liens, sec. 1317; Phillips on Mech. Liens, sec. 369 ; 44 N. W. Rep., 3 ; 33 *id.*, 377 ; 35 N. W. Rep., 601 ; 115 Mass.,

429; 117 *id.*, 176; 119 *id.*, 459; 5 Minn., 155; 5 S. W., 72; 101 U. S., 721; 52 N. Y., 346; 69 N. Y., 618; 4 E. D. Smith, 734; 16 Neb., 153; 85 Ill., 546; 71 N. C., 444.

*B. H. Tabor* for appellees.

1. Appellants were charged with notice that the land had been laid off into lots and blocks. 7 Mo. App., 343.

2. Appellants could easily have complied with the law by keeping an account of the materials that went into each house. Materialmen must follow the law. Phil. Mech. Liens., sec. 230, p. 385; 121 Mass., 418. The lien arises by furnishing materials, and not from contract. 30 Ark., 29; Houck on Liens, sec. 3, p. 106; 18 Ill., 323; Phil. Mech. Liens, sec. 9; Jones, Liens, sec. 1186; Mansf. Dig., sec. 4402, *et seq.* The materialman, therefore, can have only a lien on each house, with the land pertaining thereto, for the materials actually used in *that* house; it cannot be *in gross* on several houses and several distinct lots. Phil. Mech. Liens, p. 337; Jones on Liens, sec. 1310–12; 16 N. J. Eq., 150; 73 Ill., 540; 42 Ill., 308; 17 *id.*, 300; 42 Conn., 293; 30 *id.*, 461. These cases show that a joint mechanic's lien cannot be taken on several separate and distinct buildings. See also 45 Ind., 258; 78 Ind., 490; 61 Mo., 500; Phil. on Mec. Liens, sec. 376; 3 Or., 527; 5 Allen, 406, and cases *supra.*, 101 U. S., 725.

HEMINGWAY, J. Although the appellants in apt time filed with the circuit clerk a just and true account of the demand owing to them, with a correct description of the property to be charged with the lien, it is contended that they have no lien as against those who acquired subsequent interest in the property, because they filed an entire account seeking to charge a lien on seven houses, when separate accounts should have been filed against each house for the amount furnished for its construction. The court below so decreed.

Mechanics' lien—several buildings. At the time when the material was furnished, the land was embraced in a plat, on which it was laid off in lots and

blocks; but it was used for the purpose of agriculture, and was included in a cotton field. Sly applied to the appellants to furnish him the material for building "several houses" on the land; they consented to do it at prices stated. Sly from time to time ordered material that was delivered according to the terms of their offer, but neither party took note of the particular house into which any particular lot of material entered. The material furnished was charged in one account. The contract to furnish it was an entirety, and was used in carrying out the plan of one building operation. The lots were contiguous, except that two of them were separated from the other five by a space indicated on the plat as a street. To sustain the decree of the court, the appellees refer us to the language of the statute in relation to mechanics' liens, and lay much stress by the fact that it provides that the lien shall exist on "the building"—in the singular—and this, they argue, implies that a separate account must be filed to charge a lien on each building. "Else why," they say, "use the singular, 'building'?" The same argument has been made as to the force of the same word, in similar statutes, in cases before the Supreme Courts of Iowa and Minnesota. They declined to accept it—wisely, as we think. To do it would, in the language of the latter, "defeat the spirit of the law by a too strict adherence to its letter." *Lax* v. *Peterson,* 42 Minn., 214; *Bowman Lumber Co.* v. *Newton,* 72 Iowa, 90; *Beckel* v. *Petticrew,* 6 Ohio St., 247; *Wall* v. *Robinson,* 115 Mass., 429; *Batchelder* v. *Rand,* 117 *id.,* 176; *Chadbourn* v. *Williams,* 71 N. C., 444.

The fact that one account was filed and one lien on all the houses sought would seem not to prejudice the owner of the houses or to benefit the party seeking the lien. If other parties have subsequently acquired interests, they have no reason to complain that the account and lien are entire. About this there could be no controversy, unless they had been misled to their prejudice by the failure to file a lien within ninety days after the house they acquired was finished.

They acquired with notice of the lien or the right to charge one, and can only ask that it be apportioned among the several houses, as in the particular case equity and justice dictate. It does not appear that any interest was acquired in this case, under an innocent belief that the time to file the lien had expired without one being filed, or that it was thought to be several, when in fact it was entire. What the law would be in that case we need not consider.

When the right to a lien exists, the statute directing the manner of enforcing it is to be liberally construed in behalf of the party invoking its benefits. We think the appellants have shown a sufficient compliance with the statute, and that they are entitled to the lien on the entire property as against all who acquired subsequent interests. Upon the question considered the authorities divide, but the reason of the act, justice and the majority of adjudications favor the rule announced.

The judgment will be reversed, and the cause remanded, with directions to render judgment for the plaintiff for the balance due, and charge it as a lien on the entire property. As between the subsequent claimants the charge will be apportioned as justice and equity may require, and to that end the court may, if it is desired, hear further proof.

COCKRILL, C. J., did not participate.