WM. CAMERON & CO., Inc., v. CAMPBELL et al.

(Circuit Court of Appeals, Eighth Circuit. September 27, 1905.)

No. 2,208.

1. MECHANICS' LIENS—SUBCONTRACTOR—FAILURE TO COMPLY WITH STATUTE.
    Mansf. Dig. Ark. §§ 4402–4421, in force in Indian Territory, require a subcontractor, in order to be entitled to a mechanic's lien, to give notice to the owner, before or at the time he furnishes labor or materials, and, after his contract has been completed, to obtain a written settlement, signed by the contractor, which shall be filed, and a copy given to the owner, unless the contractor shall refuse to sign such settlement, when he may substitute a statement of account made by himself. They further provide that

In case he shall fail to give the preliminary notice, but shall furnish the owner the statement required after the contract is completed, "and in all other respects shall comply with the provisions of this act," he shall have the benefit thereof, but only to the extent that the owner can safely, with his engagements and liabilities on account of the building, withhold any amount by him owing to the contractor for the benefit of the subcontractor. *Held* that, under the rule that such statutes must be followed with reasonable strictness and substantially complied with, a subcontractor who did not give the notice to the owner, nor make any attempt to obtain the required settlement with the contractor, did not secure a lien merely by filing and furnishing to the owner a statement of his account.

2. SAME—SUIT FOR ENFORCEMENT—ADMISSION BY TENDER.

Where, in a suit to enforce a mechanic's lien, the owner of the property tenders a sum less than that claimed, such tender is an admission of the validity of the lien to that extent, and the court should decree its enforcement for the amount tendered, even though it is adjudged that the lien is invalid.

Appeal from the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 762.

In the summer and fall of the year 1902, one J. M. Ellis, under a contract with the appellees, was constructing for them a business building upon their lot in the town of Minco in the Indian Territory. Between July 29 and November 13, 1902, one J. B. Pope sold and furnished to Ellis building material used in such construction to the amount of $952.30, and was paid thereon $368.40, leaving unpaid a balance of $583.90.

For the purpose of securing a subcontractor's lien upon said building and lot for the said balance owing from said Ellis for the building material so furnished, the said Pope, about December 1, 1902, made a just and true statement in writing of the building material so furnished by him to said Ellis, giving all credits and describing the lot upon which said building was constructed, and naming the appellees as the owners of said lot and building, and sent such statement by mail to the appellees, who received the same in due course of mail. Said statement set forth the items of the material, their values, and the dates of furnishing, and the several credits and dates thereof, and the balance due and unpaid of $583.90; and said Pope thereafter on December 29, 1902, filed a copy of the same statement duly verified by his affidavit, with the clerk of the proper court, who then duly recorded the same in his office. Thereafter, and before suit, the said Pope for a valuable consideration sold, transferred, and assigned the said indebtedness and lien or claim for lien to the appellant, William Cameron & Co., who began this suit in June, 1903, in the United States Court within and for the Southern District of the Indian Territory, at Chickasha, against said J. M. Ellis and said appellees, to recover the said balance owing for said material, to foreclose such lien, and for such other relief as might seem equitable and just. The defendant Ellis did not answer. Campbell & Williams answered, admitting that in the summer and fall of 1902 J. M. Ellis constructed for them the said building upon contract, and that Pope furnished to Ellis lumber and materials which were used in constructing said building, but denied that the same amounted to $952.30, and denied that said Pope had given the notice or done any of the acts alleged in the petition to secure a lien on said building and lot, and denied that he had any such lien, and averred that said building was completed in November, 1902, and that said Campbell & Williams, without knowledge of Pope's claim, had paid Ellis in full, except the sum of $147.47, which they averred they had tendered to the plaintiff, and to Pope, and which in their answer they again tender and offer to bring into court.

Testimony in the cause was taken and by agreement of the parties was submitted to the master in chancery, his conclusions to be reported to the court as on a reference.

141 F.—3

The master made his report, to which exceptions were filed and overruled; and upon it decree was entered in favor of the plaintiff, William Cameron & Co., against the defendant Ellis by default for $583.90, and adjudging that the plaintiff has a valid mechanic's lien upon said building and lot, and foreclosing such lien by directing the sale of the property to satisfy the debt so adjudged to be owing by said Ellis, and costs.

Appeal was taken by defendants Campbell & Williams to the United States Court of Appeals in the Indian Territory. Defendant Ellis did not appeal. In that court the cause was determined upon Campbell & Williams' second assignment of error:

"Second. That the court erred in entering any decree against them in excess of $147.47, because of the fact that Pope, plaintiffs' assignor, failed to perform the duties required of him by the statute to avail himself of the lien on defendants' building and lot."

And it was by said Court of Appeals considered that there is error in the decree of the court for the Southern District of the Indian Territory in decreeing a lien upon the premises of Campbell & Williams, and in entering a judgment against them for any sum whatever, and it was ordered and decreed that the decree of the lower court be reversed and set aside, with costs, and the cause remanded to that court, with directions to dismiss the complaint as to Campbell & Williams, and for further proceedings not inconsistent with the opinion.

From this decree the present appeal is taken.

Wallace Hendricks, for appellant.
Bond & Melton, for appellees.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

The principal question presented by this appeal is whether the United States Court of Appeals in the Indian Territory correctly held that J. B. Pope failed to take the necessary steps to secure and perfect his right, as a subcontractor furnishing building material, to a lien upon and against the building of Campbell & Williams, for the construction of which he furnished such material to the contractor, Ellis, and also upon their lot upon which the building was constructed.

There was no right to a mechanic's lien at common law, and therefore such right is based wholly upon statutes providing for such liens, to secure which the procedure prescribed by the statute must be followed with reasonable strictness and substantial compliance. Jones on Liens, §§ 1389, 1390.

The statutes of Arkansas, in force in the Indian Territory, upon this subject, are contained in Mansfield's Digest, which provides:

"Sec. 4402. Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, including contractors, subcontractors, material furnishers, mechanics and laborers, under or by virtue of any contract, express or implied, with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials, machinery or fixtures furnished, a lien upon such building, erection or improvement and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done, or materials, machinery or fixtures furnished."

By section 4422, all persons so furnishing things, or doing work, except under contracts directly with the owner, are to be considered subcontractors. The statute further provides:

"Sec. 4403. Every subcontractor wishing to avail himself of the benefits of this act shall give notice to the owner or proprietor, or his agent or trustee, before or at the time he furnishes any of the things aforesaid, or performs any of the labor, of his intention to furnish or perform the same, and the probable value thereof; and, if afterward the things are furnished or labor done, the subcontractor shall settle with the contractor therefor, and having made the settlement in writing, the same, signed by the contractor and certified by him to be just, shall be presented to the owner or proprietor, or his agent or trustee, and left with him, and within sixty days from the time the things shall have been furnished, or the labor performed, the subcontractor shall file with the clerk of the circuit court of the county in which the building, erection or other improvement is situated a copy of the settlement between him and the contractor, which shall be a lien on the building, erection or other improvement for which the things were furnished, or the labor performed, and shall at the time file a correct description of the property to be charged with the lien, the correctness of all which shall be verified by affidavit.

"Sec. 4404. In case the contractor shall for any reason fail or refuse to make and sign such settlement in writing with the subcontractor when the same is demanded, then the subcontractor shall make a just and true statement of work and labor done or things furnished by him, giving all credits, which he shall present to the owner or proprietor, his agent or trustee, and shall also file a copy of the same, verified by affidavit, with the circuit clerk, as provided in section 4403."

"Sec. 4421. In case any subcontractor shall not have notified the owner, proprietor, his agent or trustee, before furnishing the things aforesaid, or doing work and labor, as provided for in section 4403, but shall furnish to him the account as provided in said section, or the statement provided for in section 4404, and in all other respects shall comply with the provisions of this act, he shall have the benefit hereof the same as if he had given notice as required herein, to the extent, and only to the extent, that such owner or proprietor can safely, with his engagements and liabilities on account of such building, erection or other improvement, withhold any amount by him owing to his contractor for such subcontractor."

The act provided that any such lien should be transferable and assignable. But Pope never complied with the essential provisions of said statute, and therefore never acquired any lien. He did not, in compliance with section 4403, give any notice to the owner before furnishing the material of his intention to furnish the same, and made no settlement in writing with the contractor therefor, nor have any such settlement signed by the contractor and presented to the owner. He never demanded or asked for such settlement of the contractor, who therefore never refused to make, sign, or certify such settlement, and hence said Pope was not entitled to make or furnish to the owner or file with the clerk of the court the statement provided for by section 4404.

It is apparent that the written statement made by Pope about December 1, 1902, of the material furnished by him, which was mailed to the owners, and a verified copy of which was on December 29, 1902, filed with the clerk of the court, did not comply fully with any of the provisions of the statute, and was of itself ineffective to secure or preserve his lien. Even had the proceeding taken by Pope amounted to a substantial compliance with that contemplated by section 4421, it would

preserve the lien only to the extent which the owner of the building could safely, with his engagements and liabilities on account of the building, withhold from what was owing to the contractor. The object of these provisions for the service upon the owner of the notices and statements by the subcontractor is to enable the owner to reserve for the subcontractor moneys which, without such notice, he would ordinarily pay over to the contractor. The courts of Arkansas have held this same statute to be highly remedial, demanding liberal construction for the advancement of the remedy, and that an exact and technical compliance is not indispensable where no injustice can result from overlooking the omission. Anderson v. Seamans, 49 Ark. 475, 5 S. W. 799; Buckley v. Taylor, 51 Ark. 302, 11 S. W. 281.

In this case the defendants admit by their answer that they still have in their hands $147.47, owing by them to the contractor on the contract, and aver that they have tendered that sum to the plaintiff, and again tender and offer to pay the same into court. The record does not show that it was in fact paid into court, so as to affect the right to costs.

"A tender, when made, is an admission of an amount due equal to the sum tendered, and while a verdict may be rendered for more than the amount tendered, it cannot be rendered for less. And this, too, although the tender be defective, or even be offered in a case where it cannot be legally made or pleaded, and for such reasons be held unavailable to save costs." Denver, etc., R. R. Co. v. Harp, 6 Colo. 420, 424, citing many cases. See, also, Eaton v. Wells, 82 N. Y. 576; Noble v. Fagnant, 162 Mass. 275, 38 N. E. 507; 28 Am. & Eng. Encyc. of Law (2d Ed.) 15.

As the plaintiff claimed no personal indebtedness as owing to it by the defendants Campbell & Williams, but only such liability as arose from plaintiff's lien upon these defendants' building and lot, for material furnished to defendants' contractor Ellis, this tender by defendants of $147.47 as moneys owing by defendants to that contractor, on the contract price for constructing that building, is necessarily an admission by defendants that plaintiff has a valid lien on that building and lot to the extent of the amount so tendered, as their right to pay to the plaintiff such balance of money stated to be owing to Ellis could rest alone on the validity of plaintiff's lien to at least that amount.

It follows that the part of the decree of the trial court adjudging and establishing the lien of plaintiff upon the building and lot of these defendants was right, but only to the extent of $147.47 and the costs.

Furthermore, it appears by the record that the decree of the trial court was not questioned to that extent in the appeal taken to the United States Court of Appeals in the Indian Territory. The assignments of error on which that appeal was taken are recited in the opinion of the court. The only one bearing on this matter is the following:

"Second, that the court erred in entering any decree against them in excess of $147.47 admitted by defendants in their answer to be due and unpaid."

The only part of that decree which was against the defendants was that which established the plaintiff's lien, and directed its foreclosure. That by the defendants' assignment of error was admitted to be proper and valid to the extent of $147.47, and the United States Court of Appeals in the Indian Territory should have modified the decree so as to establish the lien for the amount only of $147.47, instead of reversing the decree and remanding the case, with directions to dismiss the complaint as to the defendants then appealing.

The decree of the United States Court of Appeals in the Indian Territory, except as to costs in that court, is reversed, with costs, and the cause remanded to the United States Court for the Southern District of the Indian Territory at Chickasha, with directions that the decree be modified so that the amount recovered by the plaintiffs shall be a lien upon the building and lot of the defendants described in the decree to the extent only of $147.47, and for further proceedings not inconsistent with this opinion.

As the outcome of these defendants' appeal to the United States Court of Appeals in the Indian Territory has been a large reduction of the amount for which a lien upon their property had been adjudged, it is considered that they should, in the final adjustment, be allowed the costs of that court.