## RICHIE *v.* STATE.

## Opinion delivered March 2, 1908.

MOTION FOR CONTINUANCE—SUFFICIENCY OF SUPPORTING AFFIDAVIT.—Under Kirby's Digest, § 6173, providing that a motion for continuance shall be supported by an affidavit showing "what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence," where one accused of slandering a certain female by saying that he had had sexual intercourse with her filed a motion for continuance on account of the absence of a certain witness, a supporting affidavit which alleged that such absent witness, if present would testify that he knew that the accused had had sexual intercourse with the prosecutrix contains a mere statement of the effect of the testimony of such witness, and is insufficient.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Nixon & Shaw,* for appellant.

The court erred in overruling appellant's motion for a continuance, whereby he was deprived of evidence, without fault of his own, which might have secured a verdict of acquittal. 71 Ark. 182; art. 2, § 10, Const.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee.

The motion for a continuance was properly overruled. It does not set out facts to which the absent witness would testify from which the jury might draw a conclusion, but merely the effect of such testimony. Kirby's Digest, § 6173.

WOOD, J. Appellant was convicted in the Jefferson Circuit Court of the crime of slander. The indictment charged in apt words that appellant had slandered one Bertha Kelly by telling one Dyson that he (appellant) had had sexual intercourse with her. Appellant moved to continue the cause on account of the absence of one John Terry who, if present, would testify "that he knew the said E. C. Ritchie had had sexual intercourse with the said Bertha Kelly."

The motion on its face was not sufficient. Section 6173 of Kirby's Digest provides that a motion for continuance shall be supported by an affidavit showing "what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence." The affidavit that the witness knew "that the said E. C. Ritchie had had sexual intercourse with the said Bertha Kelly" was not stating the facts showing that the witness knew that appellant had had sexual intercourse with the prosecutrix, but was a mere statement of the effect or conclusion from the facts. This the statute says must not be done. The court must have the facts stated, before it can determine whether the effect follows. This being the only question presented, the judgment of the court was correct.

Affirm.