## CLAYPOOL v. JOHNSTON.

### Opinion delivered October 11, 1909.

1. MASTER—POWER TO APPOINT.—A court of equity has the discretion to appoint a master for the purpose of assisting the court in the proceedings before it, as for example to take testimony or state an account. (Page 552.)

2. SAME—AUTHORITY.—A master derives his authority from the order appointing him, and should make no inquiry or finding beyond the matters that are expressly referred to him. (Page 552.)

3. SAME—EXTENT OF AUTHORITY.—Where a master was appointed for the purpose of taking testimony upon an issue, and to report such evidence, but the order did not direct him to determine the facts as to such issue or to report such determination, a report by him giving his determination upon such issue was unauthorized. (Page 552.)

4. SAME—FINDINGS—DUTY OF COURT TO REVIEW.—Where a court of equity of its own motion deems it proper to refer to a master any matter for the purpose of aiding or facilitating the court in the proceedings, the master's findings do not become effective until they are approved

by the court, though they are highly persuasive and will not be lightly disregarded. (Page 553.)

5. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding of facts will be sustained on appeal if it is not against the preponderance of the evidence. (Page 554.)

Appeal from Logan Chancery Court, Northern District; *J. Virgil Bourland,* Chancellor; affirmed.

*Robert J. White,* for appellant.

1. The court's finding that the trees were worth only 50 cents each is not in accord with proof. By the decided weight of the testimony they were worth at least $1.00 each. His finding is persuasive only. 41 Ark. 294; 75 Ark. 75.

2. It was the master's duty under the order of reference, and so understood by the parties, to take testimony and ascertain and report the value of the trees. The decree overruling the master's finding that their value was 75 cents each, was a mere difference of opinion of the chancellor from that of the master upon a disputed question where the evidence was conflicting. The master's report should stand unless error is affirmatively shown in his findings. 16 Cyc. 453, subdiv. F 1; 13 How. 581; 35 Fed. 488; 88 Fed. 140; 31 C. C. A. 427; 155 U. S. 631; 14 Am. & Eng. Enc. of Law, 1st Ed. 940; 8 Vt. 519. The findings of the master will neither be reviewed nor revised if there is evidence tending to sustain them unless fraud or corruption is shown. 38 Vt. 519; 120 Pa. St. 98; 50 Vt. 48; 1 S. W. 884; *Id.* 891; 5 Ind. 422.

*Anthony Hall* for appellee; *Jim Johnson* of counsel.

1. The testimony as to a value of 50 cents and under for each tree comes from witnesses of experience who were qualified to speak as to the worth of young trees. The higher valuations were given to "healthy bearing apple trees 6 years old."

2. The contention that the master's valuation of 75 cents each could not be reviewed, and was conclusive upon the chancellor, is inconsistent with the order of reference.

FRAUENTHAL, J. The plaintiff below, Frank L. Johnston, instituted this suit against the defendant, J. C. Claypool, seeking to recover upon a note given for the balance of the purchase money of certain land. The defendant admitted the purchase

of the land and the execution of the note, but alleged that the plaintiff had fraudulently induced him to purchase the land by falsely representing that at the time of the purchase there were 2,500 healthy bearing apple trees upon the land. He sought a recoupment by reason of the false representations or a rescission of the contract of sale. Upon a trial of the cause below the chancery court found "that the defendant is entitled to recoup in this action against the plaintiff the value of 1,300 bearing apple trees from 4 to 6 years old; that the testimony as to the value of said trees is insufficient for the court to find their value;" and it did order and decree "that the issues as to the deception as to the amount of trees are with the defendant, and that this cause be continued until the next term of this court, and that either party is permitted to take testimony upon the value of said trees before the clerk, who is made master for the purpose, and when such testimony shall be taken the master will make report to the next term of this court, to which this cause is continued."

At the following term of the court the master filed a report, in which he stated that he had taken the testimony of ten witnesses, which was reduced to writing and filed. He further reported that the witnesses had experience in fruit culture, and that a majority of the witnesses who testified at the instance of the defendant fixed the value of the trees at one dollar each, and that a majority of the witnesses who testified at the instance of the plaintiff fixed such value at twenty-five cents each; and, "relying wholly upon the testimony, I find the value of said 1,300 apple trees to be fifty cents each, making a total of $650." Thereafter a motion was made to quash the depositions of certain witnesses on the ground that notice of the taking therof had not been given, and to direct the master to take further testimony. This motion was sustained by the court. At the following term the master reported that he had taken the depositions of from 20 to 30 witnesses, which he filed. He also reported that he "would value 4 to 6 year old apple trees of all the different varieties and classes generally, diseased and otherwise, on the mountain in the vicinity of the Claypool place at 50 cents each;" that this was his former report. But that he found that the "testimony of the defendant's witnesses were

taken as to the value of healthy bearing six-year old apple trees," whereas the judgment of the court provided that the defendant was entitled to recoup "the value of 1,300 bearing apple trees from 4 to 6 years old;" and that, taking the judgment of the court as a basis and considering the testimony of all the witnesses, he now finds the value of the trees to be 75 cents each, or $975, for the 1,300 trees.

Exceptions were filed by the plaintiff to this latter report, and these exceptions were by the court sustained. The court thereupon found "the fair and equitable value of bearing apple trees 4 to 6 years old to be 50 cents each, and that defendant is entitled to recoup $650 for the value of the 1,300 trees; and the court rendered a decree in accordance with that finding. From this decree the defendant prosecutes this appeal.

The only question involved in this appeal is the value of the 1,300 trees and the action of the chancery court in finding that value. That court has the power within its sound discretion to appoint a master for the purpose of assisting it in the proceedings before it, as for example to take testimony or to state accounts, etc., and this power is also given it by statute. 14 Cyc. 435; Kirby's Digest, § 633.

The master derives his authority from the order thus appointing him, and he has no authority other than that conferred upon him by the court, and should make no inquiry or finding beyond the matters that are expressly referred to him. The master is the representative of the court in regard to the matter thus referred to him, and is wholly subject to the court's control, and should follow its orders. 17 Ency. of Pleading & Practice, 1020; 16 Cyc. 440; *Kimberly* v. *Arms,* 129 U. S. 512; 17 Ency. Pleadings & Practice, 1035; *Young* v. *Rose,* 80 Ark. 513.

In this case the clerk was appointed master for the purpose of taking testimony as to the value of said trees and to report that evidence. The order did not direct him to determine the facts as to the issue or to report his determination of the value of the trees. In so far, therefore, as he made a report as to his finding of the value of the trees, he took an action not conferred upon him by the order. The court could have so directed him if it had seen fit to do so; and, while the court did not strike such

finding from the report, but even considered it, nevertheless it did not make an order directing such finding.

The court has the power to appoint a master upon its own motion; or it can at the request of and by the consent of the parties refer matters to a master for his finding. If such appointment is made at the request of and by the consent of the parties with specific directions for a report of findings, then the report of such master as to his findings of fact has the same force and efficacy as the verdict of a jury. But that is only when the report is made by a consent referee or master. *Green-haw* v. *Combs*, 74 Ark. 336; *Paepcke-Licht Lumber Co.* v. *Collins*, 85 Ark. 413.

As is said in the case of *Davis* v. *Schwartz*, 155 U. S. 631, "a distinction is drawn between the findings of a master under the usual order to take testimony and his findings when the case is referred to him by consent of parties, as in this case. While it was held that the court could not of its motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented, and devolve that duty upon any of its officers, yet, where the parties select and agree upon a special tribunal for the settlement of their controversy, there it no reason why the decision of such tribunal with respect to the facts should be treated as of less weight than that of the court itself."

But where the master is appointed by the court upon its own motion, as is said in the case of *Kimberly* v. *Arms*, 129 U. S. 512: "The information which he may communicate by his findings in such cases upon the evidence presented to him is merely advisory to the court, which it may accept and act upon or disregard in whole or in part, according to its own judgment as to the weight of the evidence." When the court of its own motion deems it fit or necessary to refer to a master any matter for the purpose of aiding or facilitating the court in the proceedings incidental to the cause, it is the duty of the court to review the findings of such master. The findings of the master do not become effective until they are approved by the court. In regard to the report of a master, it is provided by section 6337 of Kirby's Digest that "the report shall stand good, except such parts as are excepted to, unless it shall appear

on the face of the report or from the evidence in the cause that it is erroneous." In such case it is not only the province but the duty of the court to examine the report and evidence and to pass its own judgment thereon. The findings of the master are highly persuasive, and should not be lightly disregarded. 17 Enc. Pleadings & Practice, 1054.

But where in the opinion of the court the evidence is not sufficient to warrant the findings made by the master thus appointed, the court will not sustain or approve them, but may take such action therewith as it may deem in its own sound discretion to be right, subject to a review upon appeal if that discretion is abused.

In this case we cannot say that the court has abused its discretion in refusing to confirm the second report of the master as to his findings of value, even if it should be held that the master had authority to make such findings.

The master made two reports. In his first report he made a finding that the value of each tree was fifty cents, and seems to have placed that value on "4 to 6 year old apple trees of all the different varieties or classes generally, diseased or otherwise." In his second report he says that he arrived at the above value in the light of testimony of witnesses on the part of the defendant as to the value of "healthy, bearing six-year old apple trees," whereas the order of the court only directed that testimony should be taken as to the value of "bearing apple trees from 4 to 6 years old." In his first report he took into consideration, as a requisite of the character of the tree, that it should be healthy, and in his second report he did not take this requisite into consideration; and yet by his second report he values the trees higher than by his first report. The court had before it two findings as to the value of the trees made by the master, and we cannot say that the chancellor under these circumstances was not justified in taking the value as found in the first report rather than in the second. Under these circumstances, therefore, we do not think that the court did lightly disregard the second report of the master. Nor can we say that the weight of the evidence is against the finding of the chancellor.

A number of witnesses testified as to the value of the trees, and there is quite a variance in the values placed thereon by

them.   But after an examination of their testimony we cannot say that the finding of the chancellor is not sustained by the weight of the evidence.   And the finding of facts by the chancellor will be sustained on appeal if it is not against the preponderance of the evidence.   *Whitehead* v. *Henderson,* 67 Ark. 200; *Brown* v. *Wyandotte & S. E. Ry. Co.,* 68 Ark. 134; *Greer* v. *Fontaine,* 71 Ark. 605; *Sulek* v. *McWilliams,* 72 Ark. 67; *Hinkle* v. *Broadwater,* 73 Ark. 489; *Norman* v. *Pugh,* 75 Ark. 52.

The decree of the lower court is affirmed