CHICAGO MILL & LUMBER COMPANY v. OSCEOLA LAND COMPANY.

Opinion delivered March 7, 1910.

1. APPEAL AND ERROR—CONCLUSIVENESS OF DECREE.—A decree in the Su-
preme Court in favor of the plaintiffs in a suit to quiet the title to
land will not preclude the plaintiffs from filing a supplemental bill to

recover the value of timber cut by defendant since the original suit was instituted, such matter not being concluded by the decree. (Page 187.)

2.  Same—Master's report—conclusiveness.—While the report of a master in chancery appointed by the court on its own motion has not the weight of the verdict of a jury, such report is advisory, and will not be arbitrarily set aside.    (Page 189.)

3.  Evidence—book entries.—A party, sued for the value of timber unlawfully cut by him, cannot offer his books showing the number of logs removed from the land and the number of feet therein if it is not shown who kept the books or that they were kept at the time the timber was cut and in the regular course of business or that the person who kept them could not be produced to testify as to their accuracy.    (Page 189.)

Appeal from Mississippi Chancery Court, Chickasawba District; *Edward D. Robertson,* Chancellor; modified and affirmed.

*W. J. Lamb,* for appellant.

1.  The rights of the parties were settled on former appeal, by the opinion delivered May 13, 1907.  84 Ark. 14.  The only power of the chancery court was to enter a decree as directed by this court. 74 Ark. 81-87; 82 Ark. 1; 85 Ark. 414.

2.  The court erred in sustaining the report of the master, which was unjust and unconscionable, placed an excessive valuation on the timber cut, and was based upon testimony much of which was mere hearsay and much of which was immaterial, irrelevant and incompetent.  The master erred also in refusing to accept the positive record as to the amount of timber cut submitted to him by the appellant.

3.  The fee allowed the master for his services is grossly excessive.  Kirby's Dig., § 3497.

*Murphy, Coleman & Lewis* and *J. T. Coston,* for appellee.

1.  When the action to quiet title was commenced, the timber in question was then standing upon and was a part of the real estate.  Its removal by appellant, pending the litigation, did not oust the jurisdiction of the court to the extent of the timber.  When this court reversed the decree of the lower court and remanded the case with directions to render a decree quieting the title of appellee to the land, and for further proceedings "not inconsistent with the opinion," the lower court not only had the right, but it was its plain duty, to make such decree *effectual* by forcing appellant to make restitution to appellee

for the stolen timber, or account for its value. The case relied upon by appellant is not in point. 2 Black on Judgments, § 683; 3 Cyc. 460, 462; 92 S. W. (Ark.) 770; 23 Wall. 465; 16 Ark. 181; 98 S. W. (Ark.) 969; 36 Ark. 22, 26-7; 2 S. W. 503; 83 S. W. 77-8; 26 S. E. 439; 62 Pac. 12; 139 U. S. 220; 76 Am. Dec. 464-5; 50 *Id.* 119; 30 N. E. 964.

2. The master properly refused to accept the record submitted by appellant. It was made pending the litigation, and the witness who introduced it had no knowledge concerning it, and could not testify to its accuracy. The party who made the record was not produced as a witness, and his absence was not accounted for. 1 Greenleaf, Ev. (16 ed.), § 120a; 57 Ark. 415-16; 2 Wigmore, Ev., §§ 1521, 1523, 1525, 1526, 1527. The values fixed by the master are less than the *average* values fixed by the witnesses. Moreover, no exceptions were filed to the finding of the master as to the values except as to the value of cottonwood, oak, ash and cypress, and no exceptions were taken on the ground that the master was influenced by incompetent evidence. 93 S. W. 61. The master's report is conclusive. 122 S. W. 661; Kirby's Dig., § 6340; 22 S. E. 792; 22 Atl. 1111; 23 Pac. 671; 17 N. E. 752; 27 N. E. 184; 37 Vt. 486; 9 Ala. 179; 108 S. W. 513.

BATTLE, J. On the 4th day of August, 1904, the Osceola Land Company instituted a suit against the Chicago Mill & Lumber Company to quiet its title to certain lands. The defendant answered, and filed a cross bill to quiet its title to the same lands against the plaintiff. The Osceola Land Company answered the cross bill, and evidence was taken on the issues presented. The chancery court rendered a decree, dismissing the complaint of the plaintiff, and quieting the title of the Chicago Mill & Lumber Company. Plaintiff appealed, and this court reversed the decree, and remanded the cause, "with an order that a decree be entered cancelling the tax deed under which the defendant holds and quieting the title of the plaintiff." *Osceola Land Company* v. *Chicago Mill & Lumber Company,* 84 Ark. 1.

After the cause was remanded the Osceola Land Company filed a supplemental complaint in the chancery court, and therein alleged that since the suit was commenced the defendant had

entered upon the land and cut and removed therefrom timber of a certain description, of the value at the time and place it was cut of the sum of $22,888.95, and asked for judgment for that sum with interest. The defendant answered and admitted that, since the original suit was commenced, it had entered upon the land and cut and removed timber therefrom, "but denied that it cut the amounts and kind of timber specified in the complaint," and the value as alleged in the complaint; and, further answering, said:

"Defendant states that since the institution of this suit, but prior to the date of the rendition of the original decree herein, towit: on the 12th day of October, 1905, it has cut and removed from said land timber of the value of $5,000, but alleges that this court has no jurisdiction to render a decree for the value of said timber or to adjudicate the rights of the parties thereto, and states further that this court has no authority in this cause to render a decree except that directed by the mandate of the Supreme Court and in conformity to the opinion.

"And further states that the decree of this court heretofore rendered in this cause, towit, on the 12th day of October, 1905, of record in chancery record 1, page 178, is between the same parties hereto and involves the property in question herein as described in plaintiff's supplemental complaint, and said decree and the decree of the Supreme Court on appeal therefrom are *res judicata* as to the relief prayed herein by plaintiffs.

"Wherefore, having fully answered, defendant prays that it be discharged with costs and all other proper relief."

At the next term of the court, after the filing of the supplemental complaint and answer, the chancellor appointed Clyde Robinson special master, with directions to ascertain the amount of timber cut by the Chicago Mill & Lumber Company on the land in controversy and the value thereof and the amount of taxes paid by the Chicago Mill & Lumber Company, and to state an account between the parties. The master, after taking the testimony of witnesses, reported that a fair and equitable price for the timber cut is as follows: "Six dollars per thousand for cottonwood, cypress, oak and ash; $1.50 per thousand for elm, gum, sycamore and maple; and 10 cents each for cypress ties, which, according to the total amount of timber cut, would amount

to $12,451.87, which, with six per cent. per annum interest thereon from March 1, 1905, to March 1, 1909, amounts to $15,440.32. The defendant excepted to the report for the following reasons:

"That in the evidence, as submitted in said cause, the exact number of logs and the exact number of feet in said logs of various kinds and quality removed from the land in controversy is shown by an accurate record and statement filed therein, while the evidence of the plaintiff as to the amount of timber so cut was uncertain, indefinite and admittedly unreliable, but the master in his report has accepted the vague and indefinite estimate of plaintiff and has ignored the exact statement and finding by defendant, and has unjustly thereby charged defendant with a greater amount of timber than it removed from the said land.

"Defendant also charges that the master has fixed the value of ash, cypress, cottonwood and oak logs removed from the land in controversy by defendant at a price greater than is warranted by the evidence, and more than the market value of said logs at the time of their removal from said land."

The chancellor overruled the exceptions to the report and rendered a decree for the amount found due by the master, principal and interest, amounting to $15,461, and allowed the master a fee of $500, and directed that the judgment be credited with the sum of $1,060.83, it being the amount of taxes paid by the defendant on the lands as found by the master. From this decree the defendant appealed.

Appellant contends that when this cause was remanded after reversal the chancery court had only the power to enter a decree as directed by this court, which was to cancel the tax deed under which appellant held, and to quiet the title of appellee. It cites *Collins* v. *Paepcke-Leicht Lumber Company*, 82 Ark. 1, to support its contention. That was a suit instituted by Collins and others against Paepcke-Leicht Lumber Company, in the Chicot Chancery Court, to recover certain lands and $10,000 damages for timber cut and removed therefrom. On the 4th day of June, 1901, upon final hearing, the trial court dismissed the complaint for want of equity, and plaintiffs appealed to this court. On appeal this court reversed the decree appealed from as to half interest in the lands, and affirmed as to the other, and remanded the cause with directions to the court to enter a decree for appellants

for one undivided half of the lands in controversy and for further proceedings to be therein had in accordance with the opinion of this court. After the cause was remanded plaintiffs filed a motion in the chancery court, in which they stated that the defendant had before and since the institution of that action wrongfully cut and removed timber from the lands in controversy, of great value, and asked that a master be appointed to ascertain the amount and value of such timber, and for other relief; but it did not state that any of the timber was cut after the 4th day of June, 1901, when the final decree was rendered by the trial court. The chancery court refused to entertain the motion, and plaintiffs applied to this court for a writ of mandamus to compel it to do so. This court denied the writ. Plaintiffs then appealed from the refusal of the chancery court to appoint a master as requested, and from a judgment for costs. Upon the last appeal this court said: "The cause was submitted to the chancery court on the 4th day of June, 1901, upon the issue as to the title to the lands. The court decided that against the plaintiffs, and they appealed to this court with the result stated. The whole case before both courts at the time of decree was disposed of; and, the term of this court at which the decree of the chancery court was reversed in part having passed, no further relief by it could be granted. But when the cause was remanded to the chancery court, it was not wholly determined, and the court could have granted relief as to timber cut since the 4th of June, 1901, the date of its final decree. So much of their cause was unadjudicated, and they were entitled to damages sustained by them from waste." The decree of the chancery court was reversed, and the cause was remanded with directions to the court to allow plaintiffs to amend their motion or supplemental complaint so as to show that timber was cut since the 4th day of June, 1901, if they are so advised, and, when properly amended, to take such proceedings as may be proper to ascertain the damages sustained by them from the cutting of timber on the land since the 4th of June, 1901, and to render judgment therefor.

In the case cited the suit was brought to recover lands and for $10,000 for timber wrongfully cut thereon. It was alleged in the complaint that the defendant had cut a large quantity of timber. The defendant denied that allegation, but no evi-

dence on that issue was adduced by either party. Neither lower court nor this court made any express finding as to timber cut. But this court held that the whole case was before the court at the time of the final decree, which included damages for timber cut, and was disposed of and adjudicated, but that the right to damages for timber cut after the rendition of the decree was not, and plaintiff was entitled to relief for such damages, and that the same could be recovered upon supplemental complaint filed in the action determined.

In the case at bar no relief for damages for timber cut was sought in the original complaint. No timber was cut on the land before its commencement. No issue as to timber cut was involved or determined. As to such timber this case was like the case cited as to the timber cut after final judgment. So much of plaintiff's cause was unadjudicated, and it was entitled to relief. The decree finally rendered entitled it to the relief, and it (decree) was not rendered until after the supplemental complaint was filed, and was no bar to the relief thereby sought.

Should the exceptions of appellant to master's report have been sustained? Appellee insists that the findings of the master are as conclusive as the verdict of a jury, and cites *Paepcke-Leicht Lumber Company* v. *Collins,* 85 Ark. 414, 419, to sustain its contention. In that case the master was appointed by consent of all parties. The court undertook only to state the rule in such cases, and cited *Greenhaw* v. *Combs,* 74 Ark. 338, which says: "The findings of fact by a *consent* referee have the same conclusiveness as the verdict of a jury or the findings by a court sitting as a jury." The same was held in *Griffin* v. *Anderson-Tully Co.,* 91 Ark. 292.

In *Claypool* v. *Johnston,* 91 Ark. 549, and in *Carr* v. *Fair,* 92 Ark. 359, this court held that "when a master is appointed by consent of parties, his findings have the weight of a verdict; and when he is appointed by the court on its own motion, his report upon the evidence taken is largely advisory, but the court's discretion in passing on the report must be exercised under and controlled by the rules of law and the evidence of the case, and it cannot arbitrarily set aside the findings;" and so we hold now.

Appellant contends that the master erred in rejecting and refusing to accept as correct its record of the number of the

various kinds of logs removed from the land by it, and the number of feet therein, which was offered as evidence. He committed no error in so doing. It was not competent, because the foundation for its introduction was not sufficient. It was not shown by whom the record was made or kept, and that it was made at or near the time the timber was cut and in the regular course of business, and that the party who made it cannot be produced as a witness to testify as to its accuracy. *Railway Company* v. *Henderson,* 57 Ark. 402, 415, 416; 1 Greenleaf on Evidence (16 ed.), § 120a; 2 Wigmore on Evidence, § § 1521, 1523, 1525, 1526.

It would consume too much time and space to set out all the evidence relating to the master's report. It is sufficient to say that it sustains the master's report and the court in approving it.

The fee of $500 allowed the master for his services was too large. Two hundred and fifty dollars are sufficient to compensate him. That amount ought to be allowed.

The decree is affirmed, except as to the fee allowed the master, and in this respect it is modified to conform to this opinion.