## SCROGGY et al. v. KELLEY et al.

### No. 1653.　Opinion Filed March 19, 1912.

(122 Pac. 694.)

1. **MECHANICS' LIENS**—Amendment of Complaint to Conform to Proofs—New Cause of Action. Section 4402, Mansf. Dig. (section 2869, Ind. T. Ann. St. 1899), gives a lien to mechanics and others, including contractors and subcontractors, upon buildings and other improvements on land for work and labor done upon and material furnished for such building or improvement, under contract with the owner or his agent, or the contractor, etc. Section 4403, Mansf. Dig. (section 2870, Ind. T. Ann. St. 1899), provides that a subcontractor wishing to avail himself of the benefit of the act shall give notice to the owner or proprietor before or at the time of furnishing the material, or of performing the labor, of his intention to furnish or perform the same, and the probable value thereof, and if the material is furnished or the work done, that he shall settle with the contractor therefor, and that a written statement, certified by the contractor to be correct, shall be presented to the owner or his agent, and the subcontractor shall file a copy, together with a description of the property, with the clerk of the circuit court where the property is situated, within sixty days. Section 4421, Mansf. Dig. (section 2888, Ind. T. Ann. St. 1899), provides that in case any subcontractor shall not have notified the owner, or his agent, before furnishing material or performing labor, as provided for in section 4403, but shall furnish him the account, as provided in that section, and in other respects comply with the act, he shall have a lien to the extent, and only to extent, that the owner can safely, with his liabilities on account of such building and other improvements, withhold any amount owing by the contractor to the subcontractor. **Held:**

(1) That a complaint, alleging that owners of a lot contracted with Stewart to build a house on the lot, that plaintiffs contracted with Stewart to do certain masonry work on the building, that they performed their contract with Stewart, that they notified one of the owners in writing of the correctness of their claim, that Stewart's certificate of its correctness was attached, and that they made and filed with the clerk a statement as required by the statute, stated a good cause of action and a compliance with section 4421, Mansf. Dig.

(2) That it was not error to permit the complaint to be amended so as to allege that notice was given the owner as required by section 4403, Mansf. Dig.

(3) That it was not error to permit the amendment after the testimony was in, where the evidence supported the amendment.

(4) That such amendment did not state a new cause of action.

2.  **SAME—Enforcement—Parties—Judgment.** Section 4414, Mansf.
    Dig. (section 2881, Ind. T. Ann. St. 1899), provides that, in all
    suits under the mechanic's lien act, the parties to the contract and
    all other persons interested in the matter in controversy, and in
    the property charged with the lien, may be made parties. Section
    4415, Mansf. Dig. (section 2882, Ind. T. Ann. St. 1899), provides
    that the court shall make such orders in the case as will protect
    and enforce the rights of all parties interested therein. In this
    case the owners filed a cross-complaint asking for relief against
    the contractor. **Held,** that it was error to render a final judgment
    in the case without adjudicating the issues between the owners
    and Stewart, the contractor.

3.  **EQUITY—Report of Master—Conclusiveness.** Under the law in
    force in the Indian Territory, prior to statehood, where a cause
    was referred to a master over objections of a party for any pur-
    pose, except to take testimony and state an account, the report
    was persuasive only and was not entitled to the same weight as
    the verdict of a jury.

4.  **SAME—Proceedings Before Master—Requirement of Compensa-
    tion.** A master to whom a case had been referred, after hearing
    a portion of the evidence, refused to hear further evidence of wit-
    nesses then in attendance until a fee which he had himself fixed
    should be paid. **Held** error.

5.  **MECHANICS' LIENS—Enforcement—Personal Judgment.** In a
    suit by a subcontractor against a contractor for a debt arising out
    of the contract and to establish a lien on the building and lot on
    which it was erected under the contract in the Indian Territory
    before statehood, it is error to render a personal judgment in
    favor of the subcontractor against the owner of the lot and build-
    ing.

(Syllabus by Rosser, C.)

*Error from District Court, Tulsa County;*
*John H. Pitchford, Judge.*

Action by Marion Kelley and others against Thomas E.
Scroggy and others. Judgment for plaintiffs, and defendants
bring error. Reversed and remanded.

*Hainer & Martin,* for plaintiffs in error.

*Riddison & Campbell,* for defendants in error.

Opinion by ROSSER, C. This was a suit brought by Marion
Kelley and J. H. Wheatley, doing business as contractors under
the firm name and style of Kelley & Wheatley, against Sidney
Stewart, Thomas E. Scroggy, and Kate A. Scroggy. The peti-

tion alleged that the defendants Thomas E. and Kate A. Scroggy were the owners of a certain lot in Tulsa, Ind. T.; that on the 20th of April, 1905, they entered into a contract with the defendant Sidney Stewart to erect a two-story stone and brick building on the lot, for which they promised to pay Stewart $3,925.82; that on that day Stewart employed the plaintiff to furnish the material and do the stone and masonry work upon the building; that he agreed to pay them for the material and stone and masonry work $1,962.82; that pursuant to the contract they performed the work and furnished the material; that on the 30th of October, 1905, and within sixty days from the day of the performance of the labor, they notified the defendants Thomas E. and Kate A. Scroggy of the amount owing them by Stewart by delivering to the agents and attorneys of defendants Thomas E. and Kate A. Scroggy a written notice of the amount then due, with a statement attached to the notice, certified by Stewart as correct; that they made an account in writing of the items and had the same certified by Stewart as being correct, and made oath thereto and filed it in the office of the clerk of the United States court for the Western district of the Indian Territory, at Sapulpa, and claimed a mechanic's lien upon the real estate and building. A copy of the notice and account is also attached to the complaint. The complaint further alleged that Stewart paid $1,046.82, and that he still owes the plaintiffs the sum of $870. The complaint concluded with a prayer for judgment against the *defendants* for $870, with interest at the rate of 6 per cent. from the 2d of May, 1905. The defendants Thomas E. Scroggy and Kate A. Scroggy demurred to the complaint. The demurrer was overruled, and they excepted. After some other pleadings, they filed an amended answer and cross-petition, in which they admit the making of the contract with Stewart, deny that they were notified by plaintiffs of any sum of money due them, and deny that they are indebted to plaintiffs. They allege that Stewart did not build the building according to the specifications prepared by the architect, and, in substance, allege that they have paid him more than he was entitled to for the work that he did.

They also allege by way of cross-bill that the defendant Stewart failed to complete the building according to his contract, and that they were compelled to finish the building at their own expense, and that by reason of that fact Stewart is indebted to them in the sum of $300, and that he is also indebted to them in the sum of $1,000 on account of imperfections in the building. They allege that they have paid over $2,917.50, and that after deducting the contract price from the amount paid him, together with the damages done on account of imperfect construction, and the amount they were compelled to pay to finish the building, Stewart is indebted to them in the sum of $500.

Afterwards, over the objection of defendants Thomas E. and Kate A. Scroggy, the case was referred to a master. The defendants objected and excepted to the case being referred to a master by the court, and again before the master filed objections to his proceeding in the case, which objections he overruled. The parties appeared before the master, and the witnesses for both plaintiffs and defendants were sworn. After the testimony on the part of the plaintiffs, and a portion of the testimony on the part of the defendants, was taken, the master stated to the respective parties that the costs which had already accrued, and which would probably accrue, including stenographer's fees, amounted to $375, and announced that he would not proceed any further in the case, or take any further testimony or hear the testimony of any other witnesses, until each party had paid one-half of the $375. The defendants Thomas E. and Kate A. Scroggy declined to pay one-half of the $375, and though they had their witnesses, and were ready to proceed in the taking of the testimony, the master then discontinued the hearing without day, to which action the defendants excepted.

Afterwards the court made an order appointing D. L. Sleeper master in the case. He notified the defendants that he was ready to hear testimony, and that they must offer it within a day or two, because he had to leave for Washington; but they declined to present any testimony to him, and he made no report.

The master first appointed, C. M. Butterworth, made a report in the case in which it appeared that the evidence upon the cross-complaint of the defendants Thomas E. and Kate A. Scroggy was only partially taken, and in which report Butterworth asked for an allowance of $200. After the testimony was taken, the plaintiffs asked leave to amend their complaint so as to allege that they served a notice upon the defendants of their intention to claim the amount of their contract with Stewart before the work was done. Leave to amend was granted, and the complaint was amended accordingly. The master in his report found that Sidney Stewart owed the plaintiffs $870, and that they were entitled to a lien upon the premises described in the complaint for $870, with interest from the 2d of September, 1905, but made no findings with reference to the cross-complaint of the defendants Thomas E. and Kate A. Scroggy against Sidney Stewart, for the reason that the evidence was only partially taken. The court rendered judgment approving the report of the master, declaring a lien on the property described in the petition, and also rendered a personal judgment against the owners, Thomas E. and Kate A. Scroggy, for $870.

Sections of Mansf. Dig. of the Statutes of Arkansas under which mechanic's liens can be claimed, are as follows:

"Sec. 4402. Every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work or labor upon or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, including contractors, subcontractors, material furnishers, mechanics, and laborers, under or by virtue of any contract, express or implied, with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials, machinery, or fixtures furnished, a lien upon such building, erection or improvement and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done, or materials, machinery or fixtures furnished.

"Sec. 4403. Every subcontractor wishing to avail himself of the benefits of this act shall give notice to the owner or proprietor, or his agent or trustee, before or at the time he fur-

nishes any of the things aforesaid, or performs any of the labor, of his intention to furnish or perform the same, and the probable value thereof; and, if afterward, the things are furnished or labor done, the subcontractor shall settle with the contractor therefor, and having made the settlement in writing, the same, signed by the contractor and certified by him to be just, shall be presented to the owner or proprietor, or his agent or trustee, and left with him, and within sixty days from the time the things shall have been furnished, or the labor performed, the subcontractor shall file with the clerk of the circuit court of the county in which the building, erection or other improvement is situated a copy of the settlement between him and the contractor, which shall be a lien on the building, erection or other improvement for which the things were furnished, or the labor performed, and shall at the time file a correct description of the property to be charged with the lien, the correctness of all which shall be verified."

"Sec. 4421. In case any subcontractor shall not have notified the owner, proprietor, his agent, or trustee, before furnishing the things aforesaid, or doing work and labor, as provided for in section 4403, but shall furnish to him the account as provided in said section, or the statement provided for in section 4404, and in all other respects shall comply with the provisions of this act, he shall have the benefit hereof the same as if he had given notice as required herein, to the extent, and only to the extent, that such owner or proprietor can safely, with his engagements and liabilities on account of such building, erection or other improvement, withhold any amount by him owing to his contractor for such subcontractor."

The first proposition urged by plaintiffs in error is that the complaint did not state a cause of action, and that the court erred in sustaining a demurrer thereto. The complaint was sufficient. It stated a cause of action under section 4421, Mansf. Dig. of Ark.

The statute with reference to mechanics' liens is to be liberally construed as between the owner and the lien claimant. *Tenney v. Sly*, 54 Ark. 93, 14 S. W. 1091.

In *Murray v. Rapley*, 30 Ark. 568, Mr. Justice Walker said:

"It would seem from the authorities that it must be clearly shown that the claim is founded upon services rendered by a mechanic, laborer, or furnisher of materials upon a building

or other improvements on the property sought to be charged with
the lien. The character of the claim thus fixed, no technical
omission is allowed to defeat the claim. Phillips, in his work
on Liens (page 16), when referring to the construction to be
given to statutes conferring liens, said: 'This liberality of con-
struction courts have conceived themselves justified in adopting
applies principally to the relief of mistakes of procedure. When
the case falls clearly within the provisions of the statutes,
* * * it would lead to injustice to hold that every mistake,
however trifling, should avoid the lien. Only such as are cal-
culated to mislead others should destroy the claim if there has
been a substantial compliance.' "

See, also, *William Cameron Co. v. Campbell*, 141 Fed. 32,
72 C. C. A. 520.

It is also urged that it was error to permit the complaint
to be amended so as to state a compliance with the requirements
of section 4403. This was not error. The right to a lien is
given by section 4402, and provisions of sections 4403 and 4421
are matters of procedure. It was not stating a new cause of
action to permit the complaint to be amended to show that the
plaintiff complied with the provisions of section 4403. There
was sufficient evidence as to the agency of the party on whom
notice was served.

Section 5080, Mansf. Dig. (section 3285, Ind. T. Ann. St.
1899), provides that:

"The court may at any time in furtherance of justice, and
on such terms as may be proper, amend any complaint or pro-
ceeding, by adding or striking out the name of any party, or by
correcting a mistake in the name of a party, or a mistake in
any other respect, or by inserting other allegations material to
the case, or when the amendment does not change substantially
the claim or defense, by conforming the pleadings or proceeding
to the facts proved."

This section has been construed so often that it seems a
waste of time to cite authorities to support the proposition that
an amendment not changing the cause of action may be made
at any time, even after the evidence is in or after the verdict
or finding. This amendment did not change the cause of action.

The cause of action was for material furnished and work done upon the building.

It is urged that it was error to refer the cause to a master over the objection of the defendants. Under the law as it existed in the Indian Territory prior to statehood, the court had the right to refer a cause to the master for the purpose of taking testimony or of stating an account (Mansf. Dig., secs 5260, 5263 [Ind. T. Ann. St. 1899, secs. 3465, 3468]) of its own motion and without request by the parties. But if referred for any other purpose, the reference and report of the master did not relieve the court of the duty of weighing the evidence and passing on the whole case.

"It is not competent for a court of chancery of its own motion, or upon the request of one party, to abdicate its duty to determine by its own judgment the controversy presented and devolve that duty upon any of its officers." (Henderson's Chancery Practice, sec. 152.)

See, also, *Kimberly v. Arms*, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; *Davis v. Schwartz*, 155 U. S. 531, 15 Sup. Ct. 237, 39 L. Ed. 289; *Claypool v. Johnston*, 91 Ark. 549, 121 S. W. 941.

A report made by a master, where the whole case was referred over the objections of one of the parties, would not be entitled to the same presumption of its correctness as if the cause had been referred by consent. Where the master was appointed over the objections of one of the parties, no presumption would exist in favor of his report, and it would be the duty of the court to review the evidence and decide the case.

In *Claypool v. Johnston*, 91 Ark. 549, 121 S. W. 741, the court said:

"But where the master is appointed by the court upon its own motion, as is said in the case of *Kimberly v. Arms*, 127 U. S. 512 [9 Sup. Ct. 355, 32 L. Ed. 764] : 'The information which he may communicate by his findings in such cases upon the evidence presented to him is merely advisory to the court, which it may accept and act upon or disregard in whole or in part, according to its own judgment as to the weight of the evidence.' When the court of its own motion deems it fit or necessary to

refer to a master any matter for the purpose of aiding or facilitating the court in the proceedings incidental to the cause, it is the duty of the court to review the findings of such master."

The findings of the master in this case were not binding on the court and did not have the same efficacy or effect as a verdict of a jury.

Section 4414, Mansf. Dig., provides that, in all suits under the mechanic's lien law, the parties to the contract and all other persons interested in the matter in controversy, and in the property charged with the lien, may be made parties. Section 4415 provides that the court shall make such orders in the case as will protect and enforce all the rights of the parties interested therein. Stewart, the contractor, was a party to the suit, and the judgment of the court should have settled the controversy as between him and the defendants Thomas E. and Kate A. Scroggy, and there should have been a judgment in compliance with the statute settling all the matters in the contract between all the parties. The judgment entered ignored Stewart entirely.

It appears from the record that the action of the master in refusing to proceed until his fee was paid prevented the claims of all parties from being adjusted. It was his duty to proceed with the hearing until all the evidence was introduced. It was highly improper for him, after part of the testimony was in, to demand fees and to refuse to proceed until they were paid, and then to make report upon the portion of the testimony that he had heard. There is a conflict in the authorities as to the right of a master to demand his compensation before his services are rendered. But whether entitled to be paid in advance or not it is certainly improper for the master to stop in the middle of a case and refuse to proceed until a fee, which he himself has fixed, shall be paid. If the master in this case was not willing to wait until his work was done, he should have demanded compensation before beginning, and should have had it fixed by the court so as to avoid the appearance of oppressing the parties, and of placing them in an attitude where they dare not contest his demands.

As already stated, there was a personal judgment in favor of plaintiffs against Thomas E. and Kate A. Scroggy. This was error. There was no privity of contract between the subcontractor, plaintiffs, and the owners, the Scroggys, and the Scroggys owed them nothing. 27 Cyc. 437. The liability of the Scroggys arose out of the statute, and the extent of it, if notice was given as provided in section 4403, depended on the amount Stewart owed the plaintiffs. And if notice was not given, it depended on the amount the Scroggys could safely, with their liabilities on account of the building, pay the subcontractor.

For the reasons stated, the case should be reversed and remanded.

By the Court: It is so ordered.