LANE v. RACHEL

5-3853                                       401 S. W. 2nd 576

Opinion delivered April 18, 1966

*Shelby R. Blackmon, J. Fred Jones,* for appellant.

*Hall, Purcell, Boswell & Tucker,* for appellee.

Ed. F. McFaddin, Justice. This is the second appearance of this case. The appeal in the first case was decided by this Court on May 3, 1965, and reported in 239 Ark. 400, 389 S. W. 2d 621; and the opinion in that case gave the basic facts. In the first case the Trial Court had failed to give Lane any relief; and we found that Lane was entitled to rescission, saying:

"It is well settled that when a purchaser is fraudulently induced to purchase property by a vendor's representations, the purchaser has an election of remedies, one of which is to rescind the contract and recover the amount paid by returning or offering to return the property to the seller."

Our directions in the first case were: "The decree is reversed and the cause remanded for the entry of a decree not inconsistent with this opinion." On remand, the Lower Court, without any additional pleadings, proceeded to hear evidence as to the amount that Lane had paid and the reasonable monthly rental of the house; and then rendered judgment for Lane for $1,623.50. From that decree on the mandate Lane prosecutes the present appeal and insists that he did not receive judgment for a sufficient amount. We find merit in Lane's contention.

The directions contained in the first opinion of this Court were: "The decree is reversed and the cause remanded for the entry of a decree not inconsistent with this opinion." Those words have a definite meaning in chancery cases. See *Deason* v. *Rock,* 149 Ark. 401, 232 S. W. 583. We had stated in the first opinion that Lane was entitled to rescission and to "recover the amount paid by returning or offering to return the property to the seller." Lane had filed a suit on January 7, 1964, and prayed for rescission. Here is the language of the prayer of the complaint: "Wherefore, plaintiffs pray that their contract to purchase said property be rescinded and that they have judgment for the amount they have paid on same in the amount of $4,517.19."

That is the amount for which the Trial Court should have rendered judgment on the mandate, and that amount should bear interest at 6% from January 7, 1964, the date of the filing of the first complaint in this case. That prayer of the complaint was never amended. In the trial in the first case the appellant showed that he had paid more than $4,517.19, but he never amended the complaint, and so he is entitled to judgment for the amount prayed in the original complaint. If there had been filed some supplemental bill (as was done in *Chicago Mill & Lbr. Co.* v. *Osceola Land Co.,* 94 Ark. 183, 126 S. W. 380) there might have been some additional hearing. But in the absence of such supplemental bill, and under the directions of the mandate of this Court, the Trial Court's obligation was to render the judgment for $4,517.19.

The decree of the Chancery Court is reversed at the cost of the appellees, and the cause is remanded with directions to the Trial Court to enter a decree for Lane for $4,517.19, with interest at 6% from January 7, 1964, together with all costs.

AMSLER, J., not participating.