RUSHING *v.* HORNER.

Opinion delivered July 8, 1918.

1. APPEAL AND ERROR—REVERSAL AND REMAND FOR A NEW TRIAL.— When a cause is remanded broadly for a new trial, all the issues in the case are open for trial anew, the same as if there had been no trial; the case stands as if no action had been taken by the lower court.

2. APPEAL AND ERROR—APPEAL IN CHANCERY—REVERSAL AND REMAND FOR A NEW TRIAL.—Upon appeal, a decree in chancery may be reversed and remanded with directions to grant a new trial, and the cause stands for trial in the chancery court the same as if it had not been tried before.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Hogue & Heard,* for appellants.

The court erred in permitting the appellees to file a disclaimer after the cause had been reversed and remanded on the first appeal with directions for further proof as to rents, etc. 73 Ark. 513. It was too late to file the disclaimer. 76 Ark. 423; 79 *Id.* 185-193. There was no leave to amend the pleadings. Only leave to take further proof was given. 82 Ark. 51; 89 *Id.* 450; 94 *Id.* 329-332. See also 13 Ark. 253-6; 56 *Id.* 170; 57 *Id.* 500; 63 *Id.* 141; 60 *Id.* 50; 72 *Id.* 446-450; 128 *Id.* 76; 6 Enc. Pl. & Pr. 721; 44 N. J. Eq. 61; Story Eq. Pl., § 840.

### STATEMENT OF FACTS.

This is the second appeal in this case. On the first appeal\*, the plaintiff below sought to set aside the sale of their father's homestead which was made by their guardian during their minority, and to recover a sum of money as rent. They alleged that the property had been purchased by John J. Horner, who had since died, leaving Sudie A. Horner, his widow, and John J., Louise and Zena Horner, his children and only heirs at law, who were made defendants. They prayed that the sale be set aside and that they be awarded possession of the land, and asked for a judgment for its rental value since the date of the sale and for such other and further equitable relief. The defendants, the widow and children of John J. Horner, filed a joint answer, in which they denied all the specific allegations of the complaint, and among other things denied that the proceedings of the probate court by which plaintiffs' lands were sold were void and alleging reasons why the sale was valid, which it is unnecessary, under the view we have taken, to set up at length. The trial court in this cause dismissed the complaint for want of equity and upon a former appeal, this court reversed the decree and remanded the cause, using in the concluding paragraph of the opinion the following language:

"There is some evidence in the case to the effect that extensive improvements were made upon the prop-

---

\*130 Ark. 21 (Reporter).

erty by appellees. We are unable to determine, in the
present state of the proof, the enhanced value of the real
estate by reason of the improvements. Nor are we able
to ascertain the rental value of the property in its im-
proved condition, per month or per annum, beginning
three years before the institution of this suit. It seems
that the case was not fully developed with reference to
rental value, net profits and betterments.

"For the error indicated, the decree of the chancel-
lor is reversed and the cause remanded for a new trial,
with privilege to either party to make further proof."

After the cause had been remanded the defendants,
Louise, John H, and Zena Horner, filed a disclaimer, in
which they stated that by the terms and conditions of
the last will and testament of their father, John J.
Horner, he devised the property in question to his wife,
Sudie A. Horner, their co-defendant, who assumed con-
trol of the property in controversy, and that neither of
said defendants had ever claimed any interest in the
property and had never received any of the profits or
benefits from the same and they asked that the com-
plaint be dismissed as to them and that they be dis-
charged and for all proper relief. Plaintiffs filed a
motion to strike the disclaimer, alleging that it set up
new matters and treated issues of law and fact that were
not tried and reviewed by the Supreme Court on appeal.
They alleged, among other things, that the defendants,
after the suit was filed, were allowed to collect large
sums of money, as rent, for the property involved, upon
a bond given by the defendant, Sudie A. Horner, with
two sureties; that the defendant, Sudie A. Horner and
the sureties are claimed to be insolvent, but that the other
defendants were all solvent and able to pay the rents
which they had collected; that they would have filed an
objection to the bond had it not been for the known solv-
ency of the defendants who were asking to disclaim;
that the disclaimer was inconsistent with the issues in
the former trial of the cause and that such trial was *res
adjudicata* of the issues raised by the disclaimer and

the motion to strike same. The court heard the evidence on the issue raised by the disclaimer and the motion to strike, which consisted of the proof upon which the case was formerly tried, the introduction of the will of John J. Horner, and the agreed statement of facts concerning the rental value and the value of the betterments, upon which the court found that "John J. Horner died May —, 1915; that suit was filed herein on May 11, 1911, and that the defendant, Sudie A. Horner took possession of said property, as owner thereof, at the death of said John J. Horner, under the will of said Horner, by which she was devised said property in fee simple; that by said will, which was duly probated, she took possession of said property as the owner thereof and under color of title she held uninterrupted possession of same and proceeded to improve same until the filing of this complaint."

Then follows the findings as to the rental value and improvements, upon which findings the court entered a decree which recites among other things that: "This case being submitted to the court upon the original pleadings, decision and exhibits, and upon the mandate and opinion of the Supreme Court, and upon the amended pleadings of the defendants, the motion and replies of plaintiffs to these amended pleadings and upon the agreed statement of facts; and the court being well and sufficiently advised in the premises, finds for plaintiffs as to the land sued for, as hereinafter described, and that plaintiffs are entitled to recover the rental value of said land in its improved condition from May 20, 1908."

Then follows a recital, showing the amount found by the court as the rental value of the land in its improved condition, and taxes, etc., as follows: "The court finds that the defendants, John J., Louise and Zena Horner have never had any claim or interest in said property and that said John J., Louise and Zena Horner are indebted to the plaintiffs for the rents and profits on said property in no sum whatever." The decree fol-

lowed in accordance with the finding, from which decree is this appeal.

WOOD, J., (after stating the facts). The only question presented by the appellant on this appeal is that the court erred in permitting appellees, John Horner, Louise Horner and Zena Horner to file a disclaimer after the cause was remanded under the directions contained in the mandate of this court. They say that the directions given "were in effect for the court to ascertain the amount of money that should be decreed to plaintiffs, if any, upon an adjustment of the rights of the parties as to the rent and betterments and for that purpose to permit further proof to be taken by either party."

We can not agree with appellants in their construction of the opinion of this court on the former appeal and the direction given to the trial court, as contained in the mandate. The directions were, "for a new trial with privilege to either party to make further proof." While this court found that "the cause was not fully developed with reference to rental value, net profits and betterments," it did not direct the court to require the parties to limit the proof to these matters only, nor was there any direction as to what decree the trial court should render on the issue as to the ownership, the right of possession, rental value, profits, betterments, etc.; but on the contrary the direction was for a new trial.

When a cause is remanded broadly for a new trial, all the issues in the case are open for trial anew, the same as if there had been no trial. "The case stands as if no action had been taken by the lower court." *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 479; *Schofield* v. *Rankin,* 86 Ark. 86-90.

Our statute defines a new trial as "A re-examination in the same court of an issue of fact, after a verdict by a jury or a decision by the court." Kirby's Digest, sec. 6215. While this is generally held to apply to actions at law, and while under the chancery practice a new trial is seldom directed, yet there is nothing in our code

of practice prohibiting this court from directing a new trial in a chancery case as well as in a trial before a law court. On a reversal of a cause by this court it seldom occurs that the same is remanded for a new trial, but when such is the direction of this court, then the case stands for trial precisely the same as if there had never been any trial. The court correctly interpreted the opinion of this court on its former appeal and followed the directions contained in its mandate. There is no error in the decree and it is therefore affirmed.