S. B. Locke & Company v. Forrester.

Opinion delivered May 28, 1923.

1. APPEAL AND ERROR—SECOND APPEAL—SCOPE AND EXTENT OF RE-
VIEW.—Where a cause is appealed to the Supreme Court and the
judgment is reversed and the cause remanded to the circuit court
for a new trial, and a second appeal is taken, it brings up for
review nothing but the proceedings subsequent to the reversal.

2. APPEAL AND ERROR—FORMER DECISION AS LAW OF CASE.—The de-
cision of the Supreme Court, upon a given state of facts be-
comes the law of the case only as applicable to the same facts;
and if the cause be remanded for a new trial, the parties have
the right to introduce new evidence, and when this is done the
decision upon the former appeal ceases to be the law of the case.

3. PARTNERSHIP—SUFFICIENCY OF EVIDENCE.—Evidence *held* to
establish that plaintiffs constituted a partnership, and not a
corporation.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John Brizzolara,* Judge; reversed.

*Hill & Fitzhugh,* for appellants.

The undisputed testimony shows that appellant com-
pany was a partnership; and the court erred in giving
instructions Nos. 2 and 3, there being nothing in the
record upon which to base them. The record herein is
altogether different from that on former appeal set out
in 149 Ark. 233. The corporation company thought it
was not doing business in Arkansas, and it is doubtful
whether it was (151 Ark. 269), and, on advice of counsel,
formed itself into a partnership on Oct. 10, 1918, a year
and a half before any of the transactions involved in
this suit were had. The partnership was duly formed
and certificate made thereof as required by laws of
Oklahoma. Rev. Statutes Oklahoma, 1910, §§ 4469, 4473-
4. The testimony of J. M. Locke was sufficient, even
if all the other testimony had not shown the partner-
ship. 80 Ark. 396; 101 Ark. 532. Exceptions to rule
in 82 Ark. 86. The unimpeached and uncontradicted
testimony of these witnesses takes case out of exception,
and, in addition, it is shown by the cashier of the bank

and the records of the corporation made at the time. The court erred in submitting this issue to the jury.

*Joseph R. Brown* and *James B. McDonough,* for appellees.

On the former appeal the case was reversed because the question of whether or not the appellant was a partnership or a foreign corporation had not been submitted to the jury. 149 Ark. 225. Appellant introduced some new testimony in this trial which, however, does not take away the issue of fact and questions of law raised and decided by this court in the previous hearing. The court did not err in not directing a verdict for appellant. Only interested witnesses testified as to the existence of the partnership, and one contradicted the others to a certain extent. 47 Tex. Civ. App. 24; 103 S. W. 708; 82 Ark. 89; 106 Ark. 571; 88 Ark. 550. The opinion in 80 Ark. 396 does not vary the rule announced in 82 Ark. 89. The trial court in the hearing of this case pursued the course ordered by this court, and the judgment should be affirmed. 111 Ark. 196.

*Hill & Fitzhugh,* in reply.

The law of the case on the former appeal, as erroneously contended by appellees, is not the law of the case now on a different record. 79 Ark. 475; 129 Ark. 43; 135 Ark. 201. The testimony on the issue of a partnership is totally different from the testimony in the former record. Case of 103 S. W. 708, cited by appellees, and others to like effect distinguished, the rule as to uncontradicted and unimpeached reasonable testimony of interested witnesses being different in this State. 101 Ark. 532; 129 Ark. 369. There was not contradiction or dispute of the testimony in the question of partnership, and the giving of the instructions submitting the question of its being a foreign corporation calls for a reversal.

HART, J. S. B. Locke & Company sued C. E. Forrester and others to recover damages for the breach of an implied warranty of quality of forty-four bales of

cotton bought by the former from the latter. The plaintiffs recovered judgment in the circuit court against the defendants, and upon appeal to this court the judgment was reversed because the lower court erred in holding that the undisputed evidence showed that S. B. Locke & Company was a partnership at the time of the purchase of the cotton.

One of the defenses to the case was that S. B. Locke & Company was a foreign corporation, and was doing business in the State of Arkansas contrary to the provision of our statute. Hence the materiality of the issue as to whether S. B. Locke & Company was a foreign corporation or a partnership.

Because of the error in the circuit court in holding that the undisputed evidence showed that S. B. Locke & Company was a partnership, the judgment was reversed and the cause was remanded for a new trial. *Forrester v. Locke,* 149 Ark. 225.

Upon the remand of the case and the retrial thereof in the circuit court, the question of whether or not S. B. Locke & Company was a foreign corporation doing business in this State without complying with our statute, was submitted to the jury. The jury returned a verdict in favor of the defendants, and the plaintiffs have duly prosecuted an appeal to this court.

The only assignment of error is that the court erred in not telling the jury that, under the undisputed evidence in the case, S. B. Locke & Company was a partnership. S. B. Locke & Company did not claim to have complied with our statute relative to foreign corporations doing business in this State, and it would be necessarily prejudicial to their rights if the court erroneously submitted to the jury the question of whether S. B. Locke & Company was a partnership, as claimed by the plaintiffs, or whether it was a foreign corporation, as claimed by the defendants.

Counsel for the defendants insist that the holding of this court on the former appeal, that the undisputed evi-

dence did not show that S. B. Locke & Company was a partnership at the time it purchased the cotton is the law of the case, and is conclusive of that question upon this appeal.

We do not agree with counsel in this contention. Of course it is well settled in this State that, if a cause be appealed to the Supreme Court, and the judgment be reversed, and the cause remanded to the circuit court for a new trial, and a second appeal be taken, it brings up for review nothing but the proceedings subsequent to the reversal.

It is equally well settled that the decision of the Supreme Court rendered upon a given state of facts only becomes the law of the case as applicable to the same facts, and if the cause be remanded for a new trial, the parties have the right to introduce new evidence and establish a new state of facts. When this is done, the decision of the Supreme Court upon the former appeal ceases to be the law of the case, and the circuit court is not conclusively bound by the decision of the Supreme Court on the former appeal, but should apply the law applicable to the new and changed state of facts. *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, and *Rushing* v. *Horner,* 135 Ark. 201.

This brings us to a consideration of the question of whether or not, upon the second trial in the circuit court, the evidence on the question of whether or not S. B. Locke & Company was a partnership or a foreign corporation was in all essential respects the same as upon the first trial of the case.

W. R. Locke was the manager of the business of the plaintiffs at Fort Smith, Arkansas, and purchased the cotton in question. Upon the former appeal the court said that the only evidence in the record to the effect that S. B. Locke & Company was conducting the business at Fort Smith was that of J. M. Locke, and that J. M. Locke was one of the parties to the suit. The court also said that his evidence was disputed by that of W. R.

Locke. The opinion of the court recites that W. R. Locke first testified that S. B. Locke & Company constituted a partnership and afterwards that it was a corporation in Oklahoma and a partnership in Arkansas. Later on he said that he did not know whether it was doing business in Arkansas as a corporation or as a partnership, although he was the manager of the business in Arkansas.

Upon the present appeal the testimony is much stronger in favor of the plaintiffs, and is practically undisputed. S. B. Locke & Company was organized as a corporation under the laws of the State of Oklahoma on the 6th day of June, 1913. The stockholders were S. B. Locke, J. M. Locke, and J. C. Fahnstock. Subsequently the latter sold his stock to W. P. Cowan. The principal place of business of the corporation was Muskogee, Okla., with authority to establish branch offices at other places. The corporation opened a branch office in Fort Smith, Arkansas, in 1915, with W. R. Locke, a brother of S. B. Locke, as manager, and bought cotton there. It first thought that it was doing business at Muskogee, Oklahoma, but it was advised by counsel that it was doing business in Arkansas, and was required to file articles of incorporation under our statute regulating the doing of business in Arkansas by foreign corporations.

In 1918 the stockholders of the corporation decided to form a partnership, and, under the advice of counsel in October, 1918, all the stockholders were present at a meeting of the corporation and sold its assets to a partnership, of which they became the members with the same interests they respectively had in the corporation, and the partnership was called S. B. Locke & Company. The corporation still retained its entity because of certain unsettled matters. It ceased, however, to buy and sell cotton, and the business was conducted thereafter by the partnership. On the 10th day of September, 1919, a certificate of partnership was filed in the office of the court clerk at Muskogee, certifying that the partner-

ship of S. B. Locke & Company was composed of S. B. Locke, J. M. Locke and W. P. Cowan, and that their residence was Muskogee. Immediately the bank where the funds were kept was notified of the change from a corporation to a partnership. The bank at Fort Smith, through which the branch office there transacted business, was likewise notified of the change. The corporation made its return to the United States Government for the year ending August 31, 1920, and showed that all its capital had been retired except $380. The partnership continued to transact the business of buying and selling cotton, and the transaction herein sued on began in December, 1919, and continued during that month and in January, 1920. The fact of the change from the corporation to a partnership, as stated above, was testified to by S. B. Locke, J. M. Locke and W. P. Cowan.

J. P. Solomon, the cashier of the First National Bank of Muskogee, testified that S. B. Locke & Company had been a customer of the bank for ten years. He was advised when the change was made from a corporation to a partnership. He required them to make financial statements to the bank. They made a final statement dated in August, 1918, of S. B. Locke & Co. as a corporation. In September, 1919, they made a statement to the bank as a partnership, and these statements were on file at the bank. The bank extended credit to S. B. Locke & Company as a partnership since October, 1918, and the funds carried in deposit in the name of S. B. Locke & Company belonged to them as a partnership since that time. They were so regarded by the bank.

J. P. Solomon was a disinterested witness. His testimony is corroborated by the income tax returns made to the United States Government, by the bill of sale of the assets of the corporation to the partnership, and by the certificate of partnership filed in the office of the court clerk at Muskogee. The reason for the change from a corporation to a partnership is apparent. They had a branch office at Fort Smith in which they did a large bus-

iness, and they did not wish to comply with our laws regulating foreign corporations doing business in this State. Hence the reason for a change from a corporation to a partnership. This they had the right to do, and it was done prior to the time the transactions involved in this lawsuit occurred.

There is no evidence in the record tending to dispute the testimony as above recited. W. R. Locke was a witness in the case, and testified at length as to the merits of the case. It will be. remembered that he is the manager of the business at Fort Smith, Ark., and bought the cotton which is the subject-matter of the lawsuit.

On cross-examination he was asked whether or not there was a corporation under the name of S. B. Locke & Company in Oklahoma, and he answered that he did not know whether there was a corporation of that name in Oklahoma or not, but that there used to be. This testimony is not sufficient to contradict the testimony of the plaintiffs bearing on this question. Under his testimony it would be only a matter of conjecture as to whether or not S. B. Locke & Company was a corporation. There is no substantial contradiction in the testimony of the plaintiffs, and it shows that S. B. Locke & Co. was a partnership during the entire time involved by the transactions in question. Hence the court erred in submitting to the jury the question of whether or not S. B. Locke & Company was a foreign corporation doing business in the State without complying with our laws, and therefore not entitled to recover in the action.

We cannot know whether the verdict of the jury was based upon a finding that S. B. Locke & Company was a foreign corporation doing business in Arkansas without complying with our laws, and therefore not entitled to sue in our courts, or whether the decision was against them on the merits of the case. Hence the instruction

was necessarily prejudicial to the rights of the plaintiffs, and the giving of it constituted reversible error.

Therefore the judgment must be reversed, and the cause will be remanded for a new trial.