OF THE STATE OF ARKANSAS. 181

TERM, 1855.] Cunningham et al. vs. Ashley et al.

CUNNINGHAM ET AL. VS. ASHLEY ET AL.

(DECIDED AT JULY TERM, 1855.)

If this court reverse a decree and remand the cause to the Circuit Court for further proceedings, that court can only carry into effect the mandate of this court so far as its direction extends: but the Circuit Court is left free to make any order or direction in the further progress of the case, not inconsistent with the decision of this court, as to any question not presented or settled by such decision.

In this case, a right to the rents and profits of the land, during the wrongful and fraudulent disseizin of the complainant, necessarily follows the recovery, as a consequence resulting; and no express claim for rents and profits need have been set up in the bill, but they may be recovered under the general prayer for relief.

Mr. Justice WALKER delivered the opinion of the Court.

This case came before us at the last term of the court upon cross appeals, and an opinion was then delivered. After which, upon petition of the defendants, a re-consideration was granted to that part of the opinion, which decided the questions of law arising upon the appeal of Cunningham's heirs.

The questions of law arising upon the appeal of the complainants, from the decision of the court, grew out of a motion, made by complainants, at the time of taking their final decree for the land, for a reference to the master to take an account of the rents and profits on the land, and to report. This motion was overruled, upon the ground that the allegations in the bill had not laid the proper basis for such account. From which decision, the complainants appealed.

Preliminary to this, the question was made by counsel, whether as this court, in its directions to the Circuit Court, when the

case was before us upon a former appeal, made no reference of the question of rents and profits, that court, upon the return of the cause for further proceedings, in conformity with the opinion of this court, could do more than to carry into effect the specific decree indicated in the mandate to that court.

We think it very well settled, that the Circuit Court could not, so far as the direction extended; but the question of rents and profits was not then presented for our consideration; no question of law was either discussed or settled with regard to it; and, consequently, the Circuit Court was left free to make any order or direction in the further progress of the case, not inconsistent with the decision and direction of this court.

The allegations in the complainant's bill are not very full and distinct, with regard to the extent of the adverse possession held by the defendants, and there is no distinct claim set up by the complainants, in their bill, to rents and profits; nor is there any specific prayer for relief touching the same. So that unless rents and profits result, necessarily, from the decision of the court, upon the allegations of a fradulent and wrongful disseizin in favor of the complainants, and could become the subject of litigation and contest, notwithstanding a decision in favor of the complainants as to the title and the wrongful disseizin, in order to entitle the complainants to recover, it would become necessary to make a distinct averment and claim to rents and profits, which might be decreed under the general as well as under a specific prayer for relief. And the whole question seems to be narrowed down to this enquiry.

The question then is, what is the legal effect of a claim to land, of which the claimant has been disseized? This question has been answered by several decisions, fully in point, to which we will refer.

In *Green vs. Biddle*, 8 *Wheaton* 1, it was held, that at common law, whoever takes and holds possession of land, to which another has a better title, whether he be a *bona fide* or a *mala fide* possessor, is liable to the true owner for all rents and profits which

he has received; but the disseizor, if he is a *bona fide* occupant, may recoup the value of the meliorations made by him against the claim for damages. That equity allows an account for rent in all cases, from the time the title accrued, (provided it does not exceed six years) unless under special circumstances, as where the defendant had no notice of the plaintiff's title, or where there has been laches in the plaintiff in not asserting his title, &c., in which and similar cases, the account for rents is confined to the time of filing the bill; and the court concludes this branch of the case by saying : "A right to land essentially implies a right to the profits accruing from it, since, without the latter, the former can be of no value. Thus a devise of the profits of land, or even a grant of them, will pass a right to the land itself. *Shep. Touch.* 93 ; *Co. Litt.* 4. For what, say Lord COKE, is the land but the profits thereof."

And so this court held, in *Watkins & Trapnall vs. Wassell*, 15 *Ark.* 92, "that a grant of rents and profits entitled the purchaser to enter upon and take possession of the land itself."

In *Emerson vs. Thompson*, 2 *Pick. R.* 487, it was held, that the right to mesne profits was a necessary consequence to a recovery of the estate.

And Lord ELDON said, in *Pulling vs. Warren*, 6 *Ves.* 87, "when the decree for title or judgment in ejectment is obtained, the plaintiff has all natural justice on his side, both in law and equity, to the possession, from the moment he made the demand, and if so, the mesne profits are consequential upon his obtaining possession."

These authorities show conclusively, that the right to the rents and profits of the land necessarily follows the recovery as a consequence resulting from it; and, if that be the case, it is very evident that no express claim to rents need be set up in the bill; nor indeed can any question arise with regard to rents that might not as well arise with regard to interest upon the rendition of a judgment. When a contract is proven, and judgment rendered upon it, the law, as a consequence, without any averment or demand

for interest, gives the right to take judgment for interest for the detention of the debt. And so in a suit to recover real estate, when it is ascertained that the plaintiff has been disseized of his freehold by the defendant, and that the land is the plaintiff's, the law fixes the right to rents and profits, for the detention and use of the land, as it does for the detention of money due upon a contract. In the latter case, the law fixes the rate of interest : in the first, the value of the rents and profits is left to be ascertained by evidence upon an inquiry for that purpose, having regard to the length of time, the value of the property; and perhaps where the occupant is *bona fide* such, to recoup the value of improvements against damages for rents.

The point of analogy between the case of a judgment in debt and in ejectment, for which we contend, is this, that when the act of indebtedness is ascertained, the right to interest follows, without an averment that it is claimed : and, upon the like principle, when the right to the land and the disseizin are settled, rents and profits for the use of the same are recoverable, as incident to the determination of the right to the land.

There was, therefore, in our opinion, no necessity for a specific allegation in the bill for rents and profits; no distinct issue could have been taken upon it; and whether the question should be considered before the court upon allegations and proof, or before the master, the only question would be the nature of the tenancy, the length of time it was held adversely, and the value of the improvements. These facts being ascertained, the court would determine, upon application of the law arising upon them, what decree it should render, and under the prayer for general relief, decree accordingly.

The case of *Dormer vs. Fortesque*, 3 *Atkins* 124, was not so clear a case as this. In that case, the bill was filed for the discovery of a deed, under which Dormer claimed, and that the same might be forthcoming on the trial at law of an action of ejectment, and for general relief. Nothing was said about rents : it was not even a suit for the recovery of land; but to discover the

title papers to land. The plaintiff subsequently obtained judgment in ejectment, and a supplemental bill was filed to recover rents and profits. Lord HARDWICK said in that case, that the supplemental bill aside, the original bill was sufficient, "and extended to every thing then insisted upon by the plaintiffs, and that he ought not to confine them to the single matter of producing the deeds upon the trial." And the counsel, throughout the argument of that case, conceded that if the bill had been to recover the land, and not to discover the title deed, the right to recover the rents and profits would have been clear, but only contended that as such was not the scope and object of the bill, that the rents and profits were not recoverable in that suit, under the prayer for general relief.

We are satisfied, therefore, that the motion to refer the matter of account for rents to the master, should have prevailed, and for this error, the judgment and decision of the Circuit Court must be reversed, and the cause be remanded, with instructions to entertain the motion, and refer the matter of account for rents and profits to the master.

Mr. Chief Justice ENGLISH not sitting.