GAITHER v. CAMPBELL.

Opinion delivered March 28, 1910.

1. JUDGMENT—CONCLUSIVENESS.—Under Kirby's Digest, § 2754, providing in effect that the value of improvements made upon land adjudged to belong to another shall be paid to the occupant under color of title who made them believing himself to be the owner "before the

court rendering judgment in such proceedings shall cause possession to be delivered to such successful party," *held* that a decree which adjudged the title to land to be in the plaintiff, without awarding the value of improvements made by the defendant, is conclusive at the end of the term, and cannot be re-opened later, so as to render a decree for improvements. (Page 332.)

2. APPEAL AND ERROR—PROCEEDINGS AFTER REVERSAL.—Where the Supreme Court, on reversing a chancery cause, gave specific directions for entering a decree, "and for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered," such directions did not authorize the chancellor to re-open the case and determine questions not specifically designated. (Page 332.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*J. T. Coston,* for appellant.

After lapse of the term, the court had no power to vacate the judgment, except upon complaint filed as provided by law. 52 Ark. 318; 53 Ark. 21. The decree was not authorized by the mandate. 84 S. W. 1046; 91 S. W. 27.

*S. S. Semmes, W. J. Lamb* and *Flannigan & Rogers,* for appellee.

The trial court is left free to make any order with reference to new matter in a case that has been remanded to it by the Supreme Court not inconsistent with the opinions of the Supreme Court. 16 Ark. 181. The trial court was required by the mandate to adjudicate matters arising that were not settled by the Supreme Court. 36 Ark. 26; 98 S. W. 969.

McCULLOCH, C. J. This is the third appearance here of this case. Plaintiffs (the petitioners, Mrs. Gaither and the Kings) each claiming title to an undivided third of the land in controversy as equal tenants in common by inheritance from W. A. King, instituted an action to quiet their said title to this and other tracts of land. Campbell intervened, and claimed title by adverse possession to a tract of forty acres. The chancery court rendered a decree in Campbell's favor, and this court reversed the decree and remanded the case with directions to permit either party to amend the pleadings and take further proof as to an undeveloped issue. *Gaither* v. *Gage,* 82 Ark. 51.

The cause was heard again by the chancellor on amended pleadings. Among other things, Campbell pleaded that those under whom he claimed title had, while peaceably holding the land under color of title, made improvements thereon to the value of $2,000, and prayed for reimbursement if it should be found that plaintiffs were the owners of the land. No proof was taken to sustain the plea of having made improvements.

The chancellor rendered a decree in the case on March 5, 1908, quieting Mrs. Gaither's title to an undivided third of the land, and in favor of Campbell quieting his title to the other undivided two-thirds claimed by the Kings. The grounds for the decree were that the Kings were barred by limitation, but that Mrs. Gaither was not barred on account of the fact that she was a married woman. Nothing was said in the decree about improvements, and Campbell did not appeal from that part of the decree in Mrs. Gaither's favor. The Kings appealed, and this court decided that Campbell's plea of title by adverse possession was not sustained except as to a small part of the land—about one acre—and reversed the case with directions, stated in the opinion, "to quiet the title to all the forty-acre tract of land in the petitioners, except the portion thereof containing about one acre which was taken possession of and enclosed by Mary E. Hale in August, 1897; and if it shall be necessary to take further proof in order to establish the description of that portion of said land, that can be done." *King v. Campbell,* 89 Ark. 450.

The mandate of the Supreme Court followed the language of the opinion, except that the following words were added, "and for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered."

On the remand of the case the chancellor entered a decree in accordance with the mandate, quieting the title of all the plaintiffs to the tract of land in controversy except the one-acre tract mentioned; and further decreed that Campbell recover the value of improvements, and made a reference to a special master to take proof and report the amounts. The master made his report at the next term, finding the value of the improvements, less rents and profits, to be the sum of $571.70, and the court

overruled exceptions to and confirmed the report, and rendered a decree declaring said amount to be a lien on the whole tract. This of course included the undivided interest of Mrs. Gaither and the Kings, all of whom have appealed.

It is clear that the decree declaring a lien against Mrs. Gaither's interest in the lands was erroneous. The court had, at a previous term, rendered a decree quieting her title, and nothing was said therein about the value of improvements. That decree was not appealed from, and became final with the expiration of the term. Thereafter, the court had no power to alter it, and it was a complete adjudication of all the issues presented by the pleadings. This of course included the claim for improvements. The betterment statute provides that the claim of an occupant for improvements shall be adjudicated in the same action in which the title is adjudicated "before the court rendering the judgment shall cause possession to be delivered to the successful party." Kirby's Dig., § 2754 *et seq.* Of course, a trial court may at one term adjudicate the title and withhold possession, reserving for further investigation the question of improvements, etc., in which case the judgment would not be final. *Hargus* v. *Hayes,* 83 Ark. 186; *Brown* v. *Norvell,* 88 Ark. 590. But in the present case the decree in Mrs. Gaither's favor was final, and left no issue undetermined. Nothing was reserved for further determination. Therefore, it could not be reopened later, so as to render a decree for improvements.

The decree against the Kings stands upon a different footing, but it was for another reason equally erroneous, for it was inconsistent with the directions of this court. When the case came to this court on appeal, all of the issues raised in the court below were before us for decision; and, according to the practice in equity cases, when decrees are reversed, we give special directions to the chancery court for entering a decree. Such was done in this case. We gave special directions to enter a decree quieting the title of the petitioners to all except the one-acre tract, permitting further proof to be taken as to the description of that tract. A direction here is conclusive on the lower court unless matters are left open for further proceedings below. *Collins* v. *Paepcke-Leicht Lbr. Co.,* 82 Ark. 1. The distinction is clearly pointed out in the recent case of *Chicago Mill & Lbr.*

*Co.* v. *Osceola Land Co.,* ante p. 183, as to what matters may be taken up on reversal with directions, and it is there shown that matters which were within the issues raised by the pleadings below are concluded here by a reversal with special directions, except as to matters excluded from the directions.

Nothing is added by the words of the mandate "and for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion herein delivered;" for any further proceedings affecting the title than to quiet it in petitioners were inconsistent with the directions in the opinion. The case of *Cunningham* v. *Ashley,* 16 Ark. 181, relied on by appellee, is not, we think, in conflict with the conclusion here reached, as in that case the directions made were more general than in the present case. *Cunningham* v. *Ashley,* 13 Ark. 653.

Of course, this court may, and often does, leave matters of rents and profits and improvements open for further determination of the trial court, as in *Rankin* v. *Schofield,* 81 Ark. 440, and *Rankin* v. *Fletcher,* 84 Ark. 156; but in the present case that was not done.

The decree awarding compensation for the value of improvements is reversed, and the cause is remanded with directions to the chancery court to quiet the title of the plaintiffs, free from any lien of the defendant, Campbell.