WALKER *v.* GOODLET.

## Opinion delivered October 20, 1913.

APPEAL AND ERROR—DIRECTIONS TO LOWER COURT—NEW ISSUE.—Where, on an appeal, the Supreme Court directed a decree to be entered in favor of the plaintiff, the order is conclusive on the lower court, and it is error for the lower court to permit another issue to be raised and testimony taken on the same.

Appeal from Hempstead Chancery Court; *James D. Shaver*, Chancellor; reversed.

### STATEMENT BY THE COURT.

This is the second appeal in this case. When the case was here before we stated the issue as follows: "The plaintiff, Dan Walker, disaffirmed a deed of conveyance which he alleges was executed by him to the defendant, J. E. Goodlett, while he was under twenty-one years of age, and he instituted this action to cancel said conveyance.

"The defendant denied in his answer that the plaintiff was under twenty-one years of age when he executed the deed, and this presented the only issue which the chancellor was called on by the pleadings to decide."

On the former appeal the case was "reversed and remanded with directions to enter decree for plaintiff in accordance with this opinion." The Chief Justice, in rendering the opinion, used this language: "It appears from the testimony that a part of the consideration for the conveyance was a debt for supplies furnished plaintiff by defendant to enable the former to make and gather a crop. The remainder of the consideration was a debt of Emma Walker, who joined in the conveyance. An infant can bind and encumber his estate for the value of necessities furnished to him, but can not irrevocably alienate his estate even for that purpose."

The appellant filed a mandate in the lower court and asked a decree in accordance therewith. But the court construed the mandate to mean that the defendant below (appellee here) was entitled to reimbursement for necessaries, and granted the defendant sixty days in

which to take further testimony to ascertain the amount of supplies furnished plaintiff (appellant here).

Appellant filed his plea of *res judicata,* and afterward a motion to quash the depositions that were taken. The court overruled the plea of *res judicata,* and the motion to quash the depositions, and rendered a decree in favor of the appellee for $188.18, and directed the land of appellant sold to satisfy the same, and this appeal has been duly prosecuted.

*J. W. Bishop* and *A. F. Auer,* for appellant.

There was no plea for necessaries furnished in the first instance, nor involved in the first appeal, and appellee is now barred from asserting such claim. It is *res judicata.*   127 Am. St. Rep. 363; 137 Am. St. Rep. 55.

The opinion on first appeal is the law of the case. The court's decree should be reversed, if for no other reason, because it directed that the land be sold, whereas this court held that the land could not be irrevocably alienated, and the chancellor's ruling is incompatible with the mandate in the case.

Woon, J., (after stating the facts).   As shown by the opinion on the former appeal, the only issue "which the chancellor was called on by the pleadings to decide was whether or not the appellant here was under twenty-one years of age when he executed the deed." That being the only issue, the court erred in injecting into the case the issue as to whether or not the plaintiff below (appellant here) was liable for necessary supplies furnished him by the appellee.   That was a new issue, and it could not be raised for the first time after the cause had been tried on another issue and a judgment directed in favor of the plaintiff.

This court having directed a decree to be entered in favor of the plaintiff, no issue of fact could be tendered thereon in the lower court. The chancery court, instead of entering a decree in favor of the plaintiff according to the mandate, permitted testimony to be taken and finally entered a decree in favor of the appellee, which was contrary to the directions of this court on the

former appeal. The directions on the former appeal constituted the law of the case and the guide for the lower court in entering its decree. In *Gaither* v. *Campbell*, 94 Ark. 329-332, we said: "A direction here is conclusive on the lower court unless matters are left open for further proceedings below."

Here, by the special directions of this court, nothing was left open for further adjudication. The decree ordered to be entered in favor of the plaintiff (appellant here) was final. Under these directions the only decree that could be entered was one in favor of the appellant.

For the error indicated the decree is reversed and the cause remanded with directions to enter a judgment in favor of the plaintiff (appellant here) as heretofore directed.