## POLK *v.* FRIERSON.

### Opinion delivered July 6, 1914.

1. APPEAL AND ERROR—REVERSAL—MANDATE—FINALITY.—Where the decree of a chancery court is reversed and the cause remanded with directions to the chancery court to vacate its decree, and the rights of the parties are finally settled, the chancery court has no power, after the filing of the mandate of the Supreme Court, to re-open the cause and allow new parties to be made and the question relitigated as to them. (Page 584.)

2. APPEAL AND ERROR—REVERSAL—PRACTICE.—Where the litigation involves real estate, it is the rule of the Supreme Court, where the decree of the lower court is reversed and a decree final is determined upon here, to remand the cause with directions to the lower court to render and enter the judgment of this court, the

reason being that any orders or judgments affecting the title to real property should be entered on the proper court records in the county where the land is situated. (Page 585.)

Mandamus to Clay Chancery Court; *Charles D. Frierson,* Chancellor; petition denied.

### STATEMENT BY THE COURT.

In the case of *Stephens* v. *Stephens,* 108 Ark. 53, the decree of the chancery court was reversed and the cause remanded with directions to that court "to vacate its decree cancelling and annulling the deed in question." Upon the filing of the mandate petitioner here asked to be made a party plaintiff to that suit. The chancellor denied his petition, and entered a decree in accordance with the mandate of the Supreme Court. The petitioner then filed his petition in this court for a writ of mandamus to require the judge of the chancery court to make an order allowing the petitioner to be made a party to the suit of *Stephens* v. *Stephens, supra,* setting up that at the time of the conveyance from William Stephens to his wife and children that the property was a homestead and that the wife of William Stephens, the grantor, had not joined in the conveyance, and that petitioner was an innocent purchaser for value of the property, and praying that the writ may issue requiring the chancery court to make him a party in order that his rights may be adjudicated.

The response set up that petitioner had never been made a party to the suit of *Stephens* v. *Stephens,* and that the petitioner set up rights which were alleged to have accrued after the rendition of the decree of the chancery court which was appealed from and reversed, and rights which had accrued before the rendition of the opinion and judgment of the Supreme Court on appeal, and which were not presented to the Supreme Court before it rendered its final decree. It set up that the reason that the court refused to allow the petitioner to be made a party at this time was because he, as chancellor, had no discretion to reopen or modify the judgment of

the Supreme Court as to any matter that was or might have been presented to said court.

The case is submitted upon the petition and the response thereto.

G. B. Oliver, for petitioner.

F. G. Taylor, for respondent.

The court could not do otherwise than enter a decree in conformity with the mandate of this court in the case of *Stephens* v. *Stephens,* and it properly refused to permit the petitioner to be made a party plaintiff. 21 Ark. 197; 152 S. W. (Ark.) 1008; 160 S. W. (Ark.) 399.

WOOD, J., (after stating the facts). The judgment of this court reversing the decree of the chancellor in the case of *Stephens* v. *Stephens* (108 Ark. 53) and remanding that cause with directions to vacate its decree cancelling and annulling the deed in question, was an end to the litigation involved in that lawsuit. That was a final decree settling the rights of the parties to that litigation, and the chancellor could only enter a decree as directed by this court. The chancery court had no power, after the mandate of this court was filed directing it to enter a decree cancelling and annulling the deed in question, to reopen the cause and allow new parties to be made and the question relitigated so far as the Stephenses were concerned. The mandate of this court did not leave the cause of *Stephens* v. *Stephens* open for further proceedings or direct any further proceedings to be had in that cause. Therefore, the only decree that the chancery court could have entered was the one it did enter in obedience to the mandate of this court.

The decree of the chancery court in *Stephens* v. *Stephens,* entered in obedience to the mandate of this court "settled the rights of the parties as completely and finally as if such a decree had been rendered here, instead of remanding it with such directions to the chancellor. It could not thereafter be modified, altered or disregarded." *Hopson* v. *Frierson,* 106 Ark. 292. See, also, *Walker* v. *Goodlett,* 160 S. W. 399.

Where the litigation involves real estate it is the rule of this court, where the decree of the lower court is reversed and a decree final is determined upon here, to remand the cause with directions to the lower court to render and enter the judgment of this court. The obvious reason for this rule is that any orders or judgments affecting the title to real property should be entered on the proper court records in the county where the land is situated.

The prayer, therefore, of the petitioner for the writ of mandamus will be denied.