### HENRY v. IRBY.

Opinion delivered March 29, 1926.

LANDLORD AND TENANT—LIEN FOR BACK RENTS.—Under Crawford & Moses' Dig., § 6889, a landlord has a lien upon the tenant's crop only for the particular year in which it is grown, and not for the rents of previous years carried over.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder*, Chancellor; reversed.

*E. F. Duncan* and *H. P. Cleveland*, for appellant.

*W. E. Beloate*, for appellee.

SMITH, J. Appellant, W. E. Henry, grew a crop of cotton and corn in the year 1922 on the farm of appellee, Mrs. Lizzie Burel, and in the course of the year he borrowed from a bank at Walnut Ridge the sum of $125. Certain parties signed the note which Henry executed

to the bank as sureties, and, to indemnify them, Henry executed to them a mortgage on his half interest in the crop. In the fall of the year 1922, Henry and his sureties brought this suit, and alleged that Mrs. Burel was wrongfully converting the proceeds of the entire crop, and there was a prayer that she be restrained from so doing, and that a receiver be appointed to take charge of the crop, and that an account be stated between Henry and Mrs. Burel. The prayer that a receiver be appointed was not insisted upon, and by consent it was agreed that Dave Bloom, a merchant at Walnut Ridge, should handle the crop, and should hold the proceeds thereof subject to the final order of the court.

Mrs. Burel filed an answer, in which she alleged that Henry was indebted to her in a sum exceeding his interest in the crop, and that she had a landlord's lien and a chattel mortgage also on his interest therein, and she prayed that this lien and mortgage be foreclosed.

Numerous motions and pleadings were filed during the progress of the cause, which we think unnecessary to set out, and upon final hearing the court adjudged the indebtedness due from Henry to Mrs. Burel and directed Bloom to pay this sum to Mrs. Burel, after first paying to the sureties the $125, which they had paid to the bank, with interest thereon at six per cent.

It appears that Henry had cultivated the same land for the years 1919, 1920 and 1921, and that Mrs. Burel had carried over a balance accumulated during this prior tenancy into her 1922 account. The testimony also shows that Henry agreed to give Mrs. Burel a chattel mortgage on his stock and his interest in the crop to secure this balance, but he did not do so.

The decree of the court below adjudged the balance due Mrs. Burel to be $521.11, and it is quite apparent that Bloom did not have in his hands a sufficient sum to pay the whole amount of this debt after first paying the sureties the $125 as he was directed to do.

It does not appear from the recitals of the decree upon what theory the court directed the whole of Mrs.

Burel's debt, including the balance brought into the 1922 account from the previous years, to be paid out of the proceeds of the 1922 crop. All the money in Bloom's hands was derived from the sale of the 1922 crop, and Mrs. Burel had no lien on this crop for any balance due prior to that year.

By § 6889, C. & M. Digest, it is provided that "every landlord shall have a lien upon the crop grown upon the demised premises in any year for rent that shall accrue for such year, and such lien shall continue for six months after such rent shall become due and payable."

The court should not therefore have directed the appropriation of the proceeds of the 1922 crop to the prior debt, as there was no lien thereon to secure the indebtedness incurred prior to 1922.

This may not have been the theory upon which the decree was rendered. There was testimony that Henry had agreed to execute a mortgage, but it is not contended that he did so. While the testimony shows there was an agreement to give a mortgage to secure this balance, the agreement was not carried out, and no mortgage was ever executed, so the rights of the parties must be adjudged as if the question of the mortgage was not in the case.

There is a controversy about the alleged refusal of Mrs. Burel to permit Henry to gather the crop, and about the state of her account, but the finding of the court on these issues in Mrs. Burel's favor does not appear to be clearly against the preponderance of the evidence. But the court should have held that there was no lien except that of a landlord, and that this lien did not include any part of the indebtedness incurred prior to 1922. A simple judgment for debt should have been rendered for that indebtedness.

Appellee does not question the direction of the decree to Bloom to pay the sureties the $125, but appellants say that the court was in error in directing Bloom to pay only six per cent. interest on the loan. It appears that they are correct in this contention. The note bore interest at ten per cent., and the court should have

directed Bloom to pay interest at that rate, as the interest was secured by this mortgage, and the rate was ten per cent., and not six.

No question is presented about the priority of the landlord's lien over that of the mortgagee as to so much of the money in Bloom's hands as is necessary to pay the mortgage.

The cause will therefore be reversed and remanded, with directions to the court below to enter a decree in accordance with this opinion.