## JEFFETT v. COOK.

### Opinion delivered November 14, 1927.

1. APPEAL AND ERROR—OPINION ON FORMER APPEAL.—The opinion of the Supreme Court on a former appeal becomes the law of the case on a subsequent appeal.

2. WILLS—REVOCATION.—Where the cancellation by the testatrix of clauses in a will by running a pencil through a part of it showed her intention not to revoke the remainder of the will, it was error to submit to the jury the question of revocation of the entire will.

3. WILLS—REVOCATION.—A testator may revoke his whole entire will by marking out material parts thereof, in such manner as to indicate his purpose to revoke the whole will, although it might leave it as legible as it was before.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; reversed.

### STATEMENT OF FACTS.

This suit involves a conflict between the devisees and legatees of two wills executed by Nannie L. Jeffett, but the appeal only involves the validity of the judgment of

the circuit court declaring the first will to have been
revoked by cancellation. Both wills were executed by the
testatrix and attested in the manner provided by stat-
ute. Both of them were offered for probate in the county
where the testatrix resided at the time of her death. In
the circuit court the proceedings were consolidated for
the purpose of trial.

The facts out of which the question raised by this
appeal arises are briefly as follows: On July 17, 1917,
Mrs. Nannie L. Jeffett executed a will, the body of which
reads as follows:

"Last will and testament of Nannie L. Jeffett: I,
Nannie L. Jeffett, being of sound and disposing mind
and memory, but of an advanced age, hereby make, pub-
lish and declare this to be my last will and testament,
specially revoking all former wills made, if any such
there be.

"Item 1. I desire that all my just debts be paid.

"Item 2. I give, bequeath and advise to my two
nieces, Mary Cook and Margaret Crebs, my homestead
in the town of Cotton Plant, Woodruff County, Arkan-
sas, west 15 feet of lot 3, and all of lot 4, block 9 (65).

"Item 3. I give, bequeath and advise to my step-
children, Fannie McKelvey and Sidney L. Jeffett, the
property in Cotton Plant, Arkansas, that stood in the
name of their father at his death, and which said prop-
erty has been quitclaimed to me by said two stepchildren
and Dr. W. F. Jeffett, they to take said property sub-
ject to the incumbrances thereon, and to pay off and dis-
charge the incumbrances, holding my estate harmless
against any liability by reason of same.

"Item 4. It is not my intention by this, my last will
and testament, to devise my personal property, consist-
ing of jewels, wearing apparel, and household and
kitchen furniture. As to this property I will dispose of
hereafter by such verbal directions as to me may seem
proper. I have some money in the Planters' National
Bank of Cotton Plant; after the payment of my debts out
of this fund I desire that my brother, R. B. Cook, be paid

the sum of $200, and the remainder, if any, to be paid to my nieces, Margaret Crebs, Fannie McKelvey, Sidney Jeffett and Janie Vinyard.

"Signed, published and declared as and for my last will and testament, in the presence of the persons whose names appear below as witnesses hereto, and signed by them in my presence and in the presence of each other as such witnesses, this the day and year first above written."

After this will was executed, Mrs. Jeffett frequently expressed a wish to change the will, and finally marked out certain words in the will with a pencil. The whole of item 2, as copied above, was canceled by running pencil marks across all the words in the clause. The pencil marks were made through each and every word of the clause, but they did not render the typewriting of the will illegible. In item 4 of the will the words "to my nieces, Margaret Crebs, Fannie McKelvey, Sidney Jeffett and Janie Vinyard," were marked out with a pencil, and the remainder of the item was left intact. The body of the will was typewritten, and it was found with the personal effects of the testatrix after her death.

On the 2d day of November, 1920, the testatrix executed another will. In it she provided for the payment of her just debts and funeral expenses, and then gave certain legacies to be divided equally between her four nieces. She gave other small legacies to various relatives, and, in item 7, left the residue of her property to her brother, R. B. Cook.

S. J. Jeffett, devisee under the first will, contested the second will, and introduced witnesses who testified that the testatrix was not of sound and disposing mind and memory at the time she executed the will of the date of November 2, 1920. On the other hand, R. B. Cook, the proponent of the will, introduced witnesses who testified that Nannie L. Jeffett was of sound and disposing mind at the time she executed said will. Sidney J. Jeffett was a stepson of Nannie L. Jeffett, and lived with her for twenty-two years, until he married.

The jury returned the following verdict:

"We, the jury, find both wills void, and ask the court to dispose of the property. The first will being void on account of mutilations and erasures; the second will void on account of our inability to decide from the evidence in the case of the sanity of Mrs. Jeffett."

The circuit court considered this verdict to mean that Mrs. Jeffett was insane at the time she executed the will of the date of November 2, 1920, and judgment was rendered accordingly. It was adjudged that both wills were of no effect and void, and, to reverse the judgment holding illegal and void the will of July 17, 1917, Sidney J. Jeffett has duly prosecuted an appeal to this court.

*Jonas F. Dyson* and *Ross Mathis,* for appellant.

*R. D. Campbell* and *W. G. Dinning,* for appellee.

HART, C. J., (after stating the facts). This is the second appeal in the case. The opinion on the former appeal will be found in 169 Ark. 62, 272 S. W. 893, under the style of *Cook* v. *Jeffett.* On that appeal, in the construction of our statute relating to the revocation and alteration of wills, it was held that a will can be revoked in whole or in part by cancellation or obliteration. It was held that the words "to cancel" and "to obliterate" mean practically the same thing, and that, where the whole or a part of the clause of a will is crossed out, the will is canceled or obliterated, although the words crossed out may be legible. The effect of that opinion was to hold that, if that which is essential to the validity of the whole will is canceled or obliterated with the intention of revoking it, the whole will is revoked. On the other hand, if a clause or a part of a clause is so canceled or obliterated as not to affect the rest of the will, then that clause or part of a clause only is revoked. In other words, upon the former appeal we held that the power to revoke a will given by the statute includes the power to revoke any part of it by cancellation or obliteration, and that, when such cancellation or obliteration of a part of a will does not

affect the remainder thereof, such cancellation or obliteration is only effective as to such parts.

The opinion upon the former appeal, under our rules of practice, becomes the law of the case, and, in the application of the principles there decided, we are of the opinion that counsel for appellant are correct in their contention that the court erred in giving instruction No. E-1, which reads as follows:

"You are instructed that, should your verdict be against the probation and establishing of the will executed by Mrs. Nannie L. Jeffett on the 2d day of November, 1920, for any cause, then your verdict will be to probate and establish the one executed by her on the 17th day of July, 1917, as her last will and testament, provided you further find that the same has been properly and legally executed and authenticated by her, and provided you further find that said will has not been revoked by her by being canceled, obliterated or destroyed for the purpose of revoking the same by the testatrix herself, or by some other person in her presence and by her direction and consent."

There is no fact in the record from which the jury might legally infer that the testatrix intended to revoke her whole will by canceling item 2 in whole and item 4 in part. As indicated in our statement of facts, the whole of item 2 was marked out by running a pencil through each word and figure therein, but this was not done in such a way as to render the typewriting illegible. Again, in item 4 of the will, the legatees named therein were marked out by running a pencil mark through their names, but the rest of the item was not in any way changed; and the words were not crossed out in such a way as to indicate that the testatrix intended to revoke any other part of the will than the two clauses in which the pencil was run through the words contained therein, as indicated above. It may be that the testatrix did not intend to cancel either one of the clauses of the will, and only marked out the words in the one in whole and in the other in part with the view of subsequently chang-

ing her will, and that she died without doing so. Be that as it may, the manner in which these clauses were canceled, by running a pencil through the words contained in them, plainly shows that the testatrix did not intend by the cancellation of such part of the will to revoke the remainder of it. Hence the court erred in submitting to the jury the question of the revocation of the whole will by the proof presented in the record.

Undoubtedly, as above indicated, a testator might revoke his whole will by marking out a material part thereof in such a way as to indicate that his purpose was to revoke the whole will, although it might leave it as legible as it was before. We do mean to say, however, that the manner of marking out or crossing out the clauses of the will in question, when we consider this clause in connection with the rest of the will, plainly shows that it was the intention of the testatrix only to revoke her will in so far as these two clauses were concerned, and this left the rest of the will as it was before. Under the facts as disclosed by the record, it was entitled to probate after the death of the testatrix, and the circuit court erred in submitting to the jury the question of whether the testatrix intended to revoke her whole will.

No appeal was taken from that part of the judgment of the circuit court which held that the will executed of the date of November 2, 1920, was void and of no effect. It follows that that will passes out of the case, and the judgment of the circuit court holding it void remains as a judgment of the circuit court unappealed from.

The result of our views is that the judgment of the circuit court holding void the will executed July 17, 1917, must be reversed, because the court erred in giving instruction E-1 over the objection of appellant, and the cause will be remanded. Inasmuch as the facts on this appeal with regard to the cancellation of the will of July 17, 1917, are practically the same as the facts stated upon the former appeal, it appears that the facts have been fully developed, and no useful purpose could be served by remanding the case for a new trial. The cir-

cuit court will therefore be directed to render judgment admitting the will of July 17, 1917, to probate, and to certify its judgment down to the probate court for further proceedings according to law and not inconsistent with this opinion. It is so ordered.