HENRY v. IRBY.

Opinion delivered November 28, 1927.

1. APPEAL AND ERROR—PROCEEDINGS AFTER REMAND OF CASE.—A decree remanding a case with directions to enter a decree in accordance with the opinion, holding that the lower court erred in directing appropriation of the proceeds of the landlord's sale of the crop to tenant's debt for prior years, because there was no lien on the crop to secure such indebtedness, *held* not to prevent either party from stating an account or pleading any claims they may have, as authorized by Crawford & Moses' Dig., §§ 1194, 1195 and 1197.

2. APPEAL AND ERROR—FORMER APPEAL AS LAW OF CASE.—So much of plaintiff's cause of action as was adjudicated on the former

appeal cannot be litigated again in the lower court, such decision being the law of the case.

3. APPEAL AND ERROR—REMAND OF CASE.—Directions of the Supreme Court in remanding a case must be followed by the lower court.

4. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—On appeals from the chancery court trials are *de novo,* but the chancellor's findings of fact will be sustained unless they are clearly against the preponderance of the evidence.

Appeal from Lawrence Chancery Court, Eastern District; *W. P. Smith,* Special Chancellor; affirmed.

*E. F. Duncan,* for appellant.

*W. E. Beloate* and *H. L. Ponder,* for appellee.

MEHAFFY, J. This is the second appeal in this case. The case on former appeal is reported in 170 Ark. 928, 282 S. W. 3. On the former appeal the court stated that:

"It appears that Henry had cultivated the same land for the years 1919, 1920 and 1921, and that Mrs. Burel had carried over a balance accumulated during this prior tenancy'into her 1922 account. The testimony also shows that Henry agreed to give Mrs. Burel a chattel mortgage on his stock and his interest in the crop to secure this balance, but did not do so."

The court also held that all the money in Bloom's hands was derived from the sale of the 1922 crop, and that Mrs. Burel had no lien on this crop for any balance due prior to that year. That is, she had no lien on the 1922 crop for the balances carried over for the years 1919, 1920 and 1921. And it was therefore held, when the case was here on former appeal, that the court should not have directed the appropriation of the proceeds of the 1922 crop to the prior debt, as there was no lien thereon to secure the indebtedness incurred thereon prior to 1922. This was the only question decided by the court, except the decision with reference to the $125 note, and there is now no controversy about that.

It is true that the court reversed and remanded the case, with directions to the court below to enter a decree in accordance with the opinion. It was not the intention, however, of the court to prevent either party from stating an account or pleading and litigating any claims that

either might have. What the court evidently meant, and the only thing it could have meant, was that the court below was directed to enter a decree in accordance with this opinion with reference to the indebtedness accruing prior to the 1922 crop and giving a lien on the proceeds of the 1922 crop for the indebtedness incurred in 1922, and that there should be no lien for the prior indebtedness.

The facts are sufficiently stated in the case of *Henry* v. *Irby,* 170 Ark. 928, 282 S. W. 3.

The lower court complied with the mandate of this court if it followed the directions of this court with reference to the indebtedness and that part of it with reference to the indebtedness accruing that year, and followed the directions as to the $125 note. The appellant filed a statement of account, after the case was remanded; and the statute provides, paragraph 4 of § 1194, C. & M. Digest:

"The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished."

And § 1195 of C. & M. Digest provides:

"The counterclaim mentioned in this chapter may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them."

And § 1197 defines set-off to be: "A set-off may be pleaded in any action for the recovery of money, and may be a cause of action arising either upon contract or tort."

Appellant contends that the directions on the former appeal constituted the law of the case, and that the former decision is conclusive. This is correct, but the former decision in this case did not direct the court to enter any specific decree. It directed the court below to enter a decree in accordance with this opinion.

We think the decree is in accordance with the opinion on the former appeal.

In the case of *Walker* v. *Goodlett*, 109 Ark. 525, 160 S. W. 399, relied on by appellant, the court said: "This court having directed a decree to be entered in favor of the plaintiff, no issue of fact could be tendered thereon in the lower court."

In the above case the court also said the only issue which the chancellor was called on by the pleadings to decide was whether or not the appellant here was under twenty-one years of age when he executed the deed. As that was the only issue, this court gave specific directions to enter a decree in favor of plaintiff, and, of course, the court below could not enter any other decree.

In the next case relied on by appellant, the court said:

"We gave special directions to enter a decree quieting the title of the petitioners to all except the one-acre tract, permitting further proof to be taken as to the description of that tract." *Gaither* v. *Campbell*, 94 Ark. 329, 126 S. W. 1061.

The court in the above case called attention to the case of *Chicago Mill & Lbr. Co.* v. *Osceola Land Co.*, 94 Ark. 183, 126 S. W. 380, where the court said: "So much of plaintiff's cause was unadjudicated, and they were entitled to damages sustained by them from waste."

In this case so much of plaintiff's cause as was adjudicated on the former appeal cannot be litigated again.

As to the question settled in the former appeal, this court's opinion is conclusive. The decision on those questions is the law of the case.

The next case relied on by appellant announced the rule as follows: "It is the duty of the chancellor to enter a decree in accordance with the directions of the Supreme Court." *Hopson* v. *Frierson*, 106 Ark. 296, 152 S. W. 1008, 1009.

Appellant calls attention to a number of other cases. All of them announce the same rule.

The directions of this court must be followed by the lower court, but we do not think that the lower court in this case disobeyed the directions given by this court.

In appeals from the chancery court trials are *de novo,* but the findings of fact made by the chancellor are allowed to stand, unless they are clearly against the preponderance of the evidence. *Doane* v. *Rising Sun Mining Co.,* 139 Ark. 605, 213 S. W. 399; *Hyner* v. *Bordean,* 129 Ark. 120, 195 S. W. 3; *Midyett* v. *Kirby,* 129 Ark. 301, 195 S. W. 604; *Houser* v. *Burchart & Levy,* 130 Ark. 178, 197 S. W. 28; *Ferguson* v. *Guydon,* 148 Ark. 295, 230 S. W. 260.

The finding of the chancellor is not against the preponderance of the evidence, and the case is therefore affirmed.