ARKANSAS BAPTIST COLLEGE *v.* DODGE.

4-3594

Opinion delivered September 24, 1934.

*John A. Hibbler* and *R. W. Wilson,* for petitioner.

*Booker & Booker* and *Chas. B. Thweatt,* for respondent.

JOHNSON, C. J. This proceeding is a continuation of the litigation reported *ante* p. 204, and reference is here made thereto. The concluding paragraph of the opinion in cause number 3459 is as follows:

"For the reason stated, cause number 3459 is reversed and remanded with directions to overrule appellees' demurrer to appellant's answer, and to enter a decree sustaining appellant's plea of *res judicata.*"

Upon the remand of said cause number 3459 to the Pulaski Chancery Court, appellees in said cause moved the respondent, Frank H. Dodge, Chancellor, to make and enter of record in the Pulaski Chancery Court the following order, to-wit:

"On this day comes the plaintiff by its attorneys, Booker & Booker and Chas. B. Thweatt, and the defendant, though duly notified of this hearing, comes not but wholly makes default; and this cause is presented to the

court upon the record of this cause, which record is copied in the transcript heretofore filed in the Supreme Court, the mandate of the Supreme Court filed herein, plaintiff's motion for leave to plead further and plaintiff's reply and amendment to complaint tendered with said motion, and the court finds that the mandate and judgment of the Supreme Court herein does not have the effect of denying the plaintiff the right to plead further or to deny the allegations of defendant's answer and cross-complaint.

"It is thereupon ordered, considered, adjudged and decreed by the court that plaintiff's demurrer to the answer and cross-complaint be and the same is hereby overruled; that defendant's plea of *res judicata* be and the same is hereby sustained and held to be a sufficient plea; that plaintiff's reply and amendment to complaint be filed herein; and that this cause take its place on the calendar for trial; that the injunction herein remain in force until the further order of this court."

Upon the entry of the foregoing order this original proceeding was instituted by petitioner seeking prohibition against respondent and to prohibit said respondent as chancellor from proceeding further in said cause save to enter a decree dismissing the complaint for want of equity. A temporary writ of prohibition was granted upon application and now comes on for final determination.

The temporary writ was rightfully awarded, and must be made perpetual because, regardless of whether our opinion in cause number 3459 is right or wrong, it is the law of the case binding upon this court and upon the chancery court to which it was remanded, and should be followed. From the paragraph of the opinion quoted, it definitely appears that the cause was reversed with specific directions to enter a decree in accordance with the opinion, therefore there was nothing for the chancellor to do but enter a decree dismissing the complaint for want of equity.

*Gaither* v. *Campbell*, 94 Ark. 329, 126 S. W. 1061; *Walker* v. *Goodlet*, 109 Ark. 525, 160 S. W. 399; *Henry* v. *Irby*, 175 Ark. 614, 1 S. W. (2d) 49; *New England*

*Securities Co.* v. *Afflick,* 172 Ark. 964, 291 S. W. 100; *Jeffett* v. *Cook,* 175 Ark. 369, 299 S. W. 389.

For the reasons stated the temporary writ of prohibition is made perpetual.